

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00098-CV

_____

IN RE SSCP MANAGEMENT, INC.; SDHAROD ENTERPRISES, INC.; APPLE
TEXAS RESTAURANTS, INC.; TEXAS APPLE, LLC; SRS REAL ESTATE
PARTNERS, LLC; AND SRS NATIONAL NET LEASE GROUP, LP, Relators

---

Original Proceeding
Trial Court No. CV18-1720

---

Before Pittman, Birdwell, and Womack, JJ.
Opinion by Justice Pittman
Justice Womack concurs without opinion.

## OPINION

### INTRODUCTION

"It's *deja vu* all over again" as this court journeys on its latest foray through the ever evolving battlefields of the Texas Citizens Participation Act (TCPA).[1]  *See* Yogi Berra, *The Yogi Book:  I Really Didn't Say Everything I Said!* 45 (1999).  In our latest quest, we are tasked with exploring the amount of discovery allowed once a motion to dismiss under the TCPA has been filed but not yet ruled upon by the trial court.

Specifically, in three issues in their petition for writ of mandamus, Relators SSCP Management, Inc. (SSCP); SDharod Enterprises, Inc. (SDharod); Apple Texas Restaurants, Inc. (Apple Texas); Texas Apple, LLC (Texas Apple); SRS Real Estate Partners, LLC (SRS Real Estate); and SRS National Net Lease Group, LP (SRS National) (collectively, Defendants) complain that the trial court abused its discretion when it ordered them to respond to numerous discovery requests during the pendency of their TCPA motions to dismiss.  They contend that "good cause" was not shown justifying such discovery, the permitted discovery was not "specified and limited" or "relevant to the motion[s to dismiss]" as required by the TCPA, *see* Tex. Civ. Prac. & Rem. Code Ann. § 27.006(b), and their appellate remedy is inadequate.  Defendants ask us to vacate the trial court's March 1, 2019 Discovery Order allowing Real Party In

---

[1]*See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011.  The TCPA is commonly referred to as Texas's "Anti-SLAPP" statute, so-called because the TCPA seeks to limit "**S**trategic **L**awsuit[s] **A**gainst **P**ublic **P**articipation."  *See DeAngelis v. Protective Parents Coal.*, 556 S.W.3d 836, 841 n.2 (Tex. App.—Fort Worth 2018, no pet.).

Interest Sutherland/Palumbo, LLC ("Sutherland") to conduct extensive discovery. Because such expansive discovery runs afoul of the express language of the TCPA, with the reservations stated herein, we conditionally grant relief.

**BACKGROUND**

**I.      Shotgun Blasts Are Exchanged:  Sutherland Files a Multi-Cause of Action Lawsuit and Defendants Return Fire with Omnibus Motions to Dismiss Under the TCPA.**

After a commercial real-estate transaction went awry, Sutherland filed its original petition against Defendants on November 20, 2018.  On January 22, 2019, Sutherland amended its petition seeking money damages with a volley of ten unique causes of action, including breach of contract, fraud, fraud by nondisclosure, fraudulent inducement, fraud in a real-estate transaction, negligent misrepresentation, conspiracy, violations of the Texas Deceptive Trade Practices Act, and common-law and statutory false advertising.  Along with the amended petition, Sutherland served Defendants with a bevy of written discovery requests, including:

- Plaintiff's First Set of Interrogatories to Defendant SRS National, containing 13 interrogatories, some of which included multiple subparts;

- Plaintiff's First Set of Interrogatories to Defendant SSCP, containing 23 interrogatories, some of which included multiple subparts;

- Plaintiff's First Request for Production to Defendants SSCP, SDharod, Apple Texas, and Texas Apple, which included 110 requests for production; and

- Plaintiff's First Request for Production to SRS Defendants, which included 87 requests for production to SRS Real Estate and SRS National.

3

In response to the amended petition, on January 28, 2019, Defendants returned fire by filing motions to dismiss Sutherland's claims under the dismissal provisions of the TCPA (the TCPA Motions to Dismiss).[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003. Defendants contended the lawsuit is subject to dismissal under the TCPA because it affects the exercise of their constitutional rights of freedom of speech and association. The day after Defendants filed their TCPA Motions to Dismiss, Sutherland countered with a motion to conduct discovery (Motion to Conduct Discovery). The Motion to Conduct Discovery did not include any specific discovery requests but attached copies of the comprehensive written discovery served with the amended petition on January 22, 2019, as well as the correspondence from Sutherland's attorney to Defendants' attorneys requesting corporate representative depositions from each Defendant on forty-three distinct deposition topics. The trial court conducted a hearing on the Motion to Conduct Discovery on February 4, 2019, and granted the motion

---

[2]The TCPA Motion to Dismiss filed by SSCP, SDharod, Apple Texas and Texas Apple seeks to dismiss all of Sutherland's causes of action except its breach of contract claim. The TCPA Motion to Dismiss filed by SRS Real Estate and SRS National is even more far-reaching; it seeks the early dismissal of all of Sutherland's causes of action and, thus, its entire lawsuit. For the purposes of this opinion, we offer no comment as to the actual merits of the TCPA Motions to Dismiss; however, we repeat our recent observation that the "TCPA is not a Swiss army knife, a tool always ready to obtain the early dismissal of every objectionable case or controversy." *Beving v. Beadles*, 563 S.W.3d 399, 408 n.8 (Tex. App.—Fort Worth 2018, pet. denied); *cf. Kawcak v. Antero Res. Corp.*, No. 02-18-00301-CV, 2019 WL 761480, at *17 (Tex. App.—Fort Worth Feb. 21, 2019, pet. filed) (The "plain meaning of the word 'common' in TCPA section 27.001(2)'s definition of 'the right of association' requires more than two tortfeasors conspiring to act tortiously for their own selfish benefit.").

without limitation on February 6, 2019, allowing Sutherland to proceed with its requested discovery.

## II. The Battle Lines are Drawn: Defendants File Their First Petition for Writ of Mandamus.

Their swords now unsheathed, on February 18, 2019, Defendants filed an emergency motion with the trial court requesting that all discovery be stayed pending the resolution of a petition for writ of mandamus that it intended to file in this court. Two days later, on February 20, 2019, Defendants filed their first petition for writ of mandamus in this court challenging the order on the Motion to Conduct Discovery. The same day, Sutherland filed a response to Defendants' emergency motion to stay in the trial court indicating that it would voluntarily remove or modify some of the previously granted discovery requests (Modified Motion to Conduct Discovery). On February 21, 2019, the trial court granted the emergency motion to stay all discovery pending the resolution of the first petition for writ of mandamus.

A hearing was conducted on February 27, 2019 on Sutherland's Modified Motion to Conduct Discovery, and on March 1, 2019, the trial court entered an order granting the motion (the Discovery Order). As a result, on that same day, this court dismissed Defendants' first petition for writ of mandamus as moot.

Although the record before the Court is somewhat muddled, it appears, by a conservative count, that the Discovery Order entered by the trial court on March 1 is only slightly less comprehensive than the original order. It allows Sutherland fifty-nine

5

requests for production from four of the six Defendants, fifty-eight requests for production from two of the six Defendants, eleven interrogatories from SRS Real Estate, seven interrogatories from SSCP, and at least six four-hour depositions from each of Defendants' corporate representatives on the original, unmodified forty-three deposition topics prior to the hearing on the TCPA Motions to Dismiss.

## III. The Battle Continues: Defendants File Their Second Petition for Writ of Mandamus.

Contending that Sutherland did not comply with the TCPA's requirements in order to conduct discovery pending their TCPA Motions to Dismiss, on March 20, 2019, Defendants refused to surrender and filed their second petition for writ of mandamus in this court seeking relief from the Discovery Order.

### DISCUSSION

In three issues, Defendants contend that the trial court abused its discretion in issuing the Discovery Order and ordering them to respond to the discovery requests prior to the hearing on the TCPA Motions to Dismiss because (1) Sutherland did not show "good cause" entitling it to the requested discovery; (2) the ordered discovery is improper because it is not "specified" and "limited" to the TCPA Motions to Dismiss; and (3) Defendants are without an adequate remedy at law and are entitled to mandamus relief. Sutherland responds that it demonstrated good cause entitling it to discovery under the TCPA and Defendants failed to show that the trial court acted arbitrarily and unreasonably in issuing the Discovery Order.

6

## I.    Standard of Review

Mandamus relief is proper only to correct a clear abuse of discretion when there is no "adequate remedy at law, such as a normal appeal." *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 304 (Tex. 2016) (orig. proceeding) (quoting *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding)).  A party lacks an adequate remedy on appeal when the benefits of mandamus outweigh its detriments.  *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).  A clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion.  *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).  "A clear abuse of discretion occurs when a trial court's action is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law."   *In re IntelliCentrics, Inc.*, No. 02-18-00280-CV, 2018 WL 5289379, at *2 (Tex. App.—Fort Worth Oct. 25, 2018, orig. proceeding) (mem. op.) (citations omitted).

Moreover, mandamus is appropriate to correct "[a]n order compelling discovery that is well outside the proper bounds."  *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding); *In re Cho*, No. 02-17-00254-CV, 2017 WL 3911002, at *1 (Tex. App.—Fort Worth Sept. 7, 2017, orig. proceeding) (mem. op.).  The burden of establishing an abuse of discretion and no adequate remedy on appeal "is on the party resisting discovery, and this burden is a heavy one."  *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).  When determining whether the trial court abused its discretion, we are mindful that the purpose of discovery is to seek the truth

so that disputes may be decided by what the facts reveal, not by what facts are concealed. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). Generally, the rules governing discovery do not require that the information sought be admissible; it is enough that the information appears reasonably calculated to lead to the discovery of admissible evidence. *See* Tex. R. Civ. P. 192.3(a). However, this broad grant is limited by the legitimate interests of the opposing party to avoid overly broad requests, harassment, or disclosure of privileged information. *Am. Optical Corp.*, 988 S.W.2d at 713; *see also* Tex. R. Civ. P. 192.4 ("Limitations on Scope of Discovery"). The TCPA also restricts this broad grant, permitting only "**specified and limited** discovery relevant to the motion [to dismiss]" upon a showing of "**good cause**." Tex. Civ. Prac. & Rem. Code Ann. § 27.006(b) (emphasis added); *see Walker v. Schion*, 420 S.W.3d 454, 458 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding abuse of discretion standard applies in reviewing order on TCPA discovery motion). "And a clear abuse of discretion occurs when the trial court orders discovery exceeding that which is permitted by the rules." *IntelliCentrics*, 2018 WL 5289379, at *2; *see CSX Corp.*, 124 S.W.3d at 152 (explaining that an abuse of discretion occurs when the discovery ordered "exceeds that permitted by the rules of procedure").

## II.  Procedures for Conducting Discovery Under the TCPA

The TCPA was passed "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the

rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code Ann. § 27.002; *see D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 433–35 (Tex. 2017) (explaining that the TCPA seeks to balance the tension between protecting First Amendment freedoms and preserving the rights of individuals to file meritorious lawsuits); *see also Beving*, 563 S.W.3d at 403. In furtherance of these ends, at an early stage in litigation, a defendant may file a motion to dismiss a legal action pursuant to the TCPA. Tex. Civ. Prac. & Rem. Code Ann. § 27.003. "Except as provided by Section 27.006(b)," the filing of a motion to dismiss under Section 27.003 stays "all discovery in the legal action" until the trial court rules on the motion. *Id.* § 27.003(c). Section 27.006(b) provides an exception to the mandatory suspension of discovery by allowing only "specified and limited discovery relevant to the motion" on the court's own motion or a party's motion "and on a showing of good cause." *Id.* § 27.006(b); *see In re SPEX Group US LLC*, No. 05-18-00208-CV, 2018 WL 1312407, at *4 (Tex. App.—Dallas Mar. 14, 2018, orig. proceeding) (mem. op.).

If the party seeking discovery showed good cause and the specified and limited discovery has been conducted, the dismissal hearing must occur no later than 120 days after service of the motion to dismiss. Tex. Civ. Prac. & Rem. Code Ann. § 27.004(c). At that hearing, the TCPA dismissal movant must first show that it is entitled to bring the motion to dismiss. *See id.* § 27.005(b). If the movant is successful, the burden shifts to the respondent to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question," or face dismissal of the claim or claims in

question.  *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c).

### III.  Sutherland Established "Good Cause," Entitling It to "Specified and Limited" Discovery.

In their first issue, Defendants contend that the trial court abused its discretion in issuing the Discovery Order because Sutherland failed to make a good-cause showing that it was entitled to discovery pursuant to Section 27.006(b) of the TCPA.  Tex. Civ. Prac. & Rem. Code Ann. § 27.006(b).  We disagree.

In its Motion to Conduct Discovery filed on January 29, 2019, Sutherland contended that discovery was necessary prior to the hearing on the TCPA Motions to Dismiss.  Among other things, Sutherland argued that

> [t]his is a case of nondisclosure and fraud, thus Defendants are [in] possession of the vast majority of relevant documentation and their witnesses have knowledge of the fraud they committed in this matter. Defendants have articulated that Plaintiff cannot provide by "clear and specific evidence" a single element of its claims and causes of action. Being that Defendants have failed and refused to respond to discovery and have not provided a single responsive document, Plaintiff is left in a precarious position to argue only the information that it currently has in its possession while Defendants continue to hoard and hide documents and information that further show their fraud and failure to disclose.

More specifically, Sutherland's attorneys argued that the requested discovery was relevant to the TCPA Motions to Dismiss, stating:

> I don't know if you've had the opportunity to read their motions to dismiss; but there's an entire section going through every cause of action that we've stated, saying that we can't put on a single element. Not a: This element is missing. This one. This one. Not one.

10

So, when you look at what they just brought you—so, I'm asking for the communications they had between themselves, which goes to what knowledge the Defendant here—which is one of the elements of the claim against them. What knowledge they had of the fraudulent creation of this lease to inflate the value of the property.

. . . .

We want to know what their involvement, together with the property—because what the evidence will ultimately likely show is—is that they've been involved in these type of transactions all across the State. Now, do I have those documents? I've seen postings, but I don't have the documents.

Also, at the hearing on the Modified Motion to Conduct Discovery, held on February 27, 2019, Sutherland contended (1) the requested discovery was necessary to respond to the motions to dismiss and (2) this case involves "multiple causes of action[], multiple defendants where they've challenged every single element [in their TCPA Motions to Dismiss]. We have now to come in here and argue every element of every claim against every defendant at this initial stage." Sutherland further argued:

[O]ur good cause is, this is a fraud by nondisclosure case. They have the vast majority of the information in their possession because it was things that at least we argue w[ere] withheld from us.

This is a $5 million real estate transaction that left my client holding the bag on $8 million of rent over a 25-year period. So, there is a lot of money. There are a lot of complex issues. That[ is] why discovery is a little more lengthy than you may see in some of these other cases.

Based on the quoted arguments of counsel and others presented in briefing in support of the requested discovery and in the two hearings, we hold that the trial court acted well within its discretion in determining that Sutherland demonstrated "good

11

cause" entitling it to discovery relevant to the TCPA Motions to Dismiss. Thus, we overrule Defendants' first issue.

## IV. The Discovery Order is not "Specified" and "Limited" and the Trial Court Abused Its Discretion.

Defendants next argue that the trial court abused its discretion in issuing the Discovery Order because the permitted discovery is not "specified" and "limited" and relevant to the motions to dismiss. We agree.

Under Section 27.006(b) of the TCPA, "discovery is relevant to the motion to dismiss if it seeks information related to the allegations asserted in the motion." *SPEX Group US*, 2018 WL 1312407, at *4. Like our sister courts of appeals, we recognize that "[s]ome merits-based discovery may also be relevant . . . to the extent it seeks information to assist the non-movant to meet its burden to present a prima facie case for each element of the non-movant's claims to defeat the motion to dismiss." *Id.* (citing *Serafine v. Blunt*, 466 S.W.3d 352, 357–58 (Tex. App.—Austin 2015, no pet.)).[3]

---

[3]Recently, this court observed that the TCPA's mandatory stay of discovery once a motion to dismiss has been filed

> becomes problematic in circumstances where a movant's entitlement to bring a motion to dismiss under section 27.002 is dubious, i.e., when the plaintiff's legal action is arguably not based on, related to, or in response to movant's right of free speech, right to petition, or right of association. When a movant is not entitled to file a TCPA motion to dismiss but nevertheless files one, the respondent has no statutory mechanism to challenge the filing at the outset. Instead, under the statutory scheme, the respondent must wait until specified and limited discovery, if any, is

12

However, any merits-based discovery that is necessarily implicated by discovery relevant to the motion to dismiss "must still be 'specified and limited' because a prima facie standard generally 'requires only the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'" *Id.* (quoting *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding)). Presumably, the non-moving party, even after showing "good cause" supporting its need for discovery relevant to the motion to dismiss, would "**not need multiple or lengthy depositions or voluminous written discovery in order to meet the low threshold to present a prima facie case**." *Id.* (emphasis added); *see also Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 80 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (op. on reh'g) (applying standard in TCPA case and

completed and challenge the motion at the time the hearing on the motion occurs.

The problem this creates is exacerbated in complex cases involving numerous legal actions where the movant uses a shotgun approach, taking aim at all of the legal actions, not just the actions that are actually based on free speech, petition, or association rights. In such cases, prior to receiving a threshold determination of whether the movant was entitled to bring the motion to dismiss as to certain claims in the first place, the plaintiff must nevertheless be armed with "clear and specific" evidence of each essential element of every single claim challenged. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). **Thus, under these circumstances, discovery must be sufficiently broad to cover all essential elements of all of the challenged claims, even if it could be later determined that some of the claims did not fall within the TCPA.**

*IntelliCentrics,* 2018 WL 5289379, at *3 (emphasis added).

13

explaining that Legislature's use of "prima facie case" implies imposition of minimal factual burden).[4]

Although the TCPA does not specifically define the scope of "specified and limited discovery relevant to the motion to dismiss," Texas courts, including this court, have allowed non-movants to conduct abbreviated discovery, such as a short deposition of the TCPA movant or very truncated document production. *See, e.g.*, *IntelliCentrics*, 2018 WL 5289379, at *5 (allowing the non-movant to serve eleven document requests); *In re Bandin*, 556 S.W.3d 891, 895 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) (allowing two, two-hour depositions of movants); *Lane v. Phares*, 544 S.W.3d 881, 889 n.1 (Tex. App.—Fort Worth 2018, no pet.) (noting that trial court allowed three-hour deposition of TCPA movant); *Warner Bros. Entm't, Inc. v. Jones*, 538 S.W.3d 781, 789 (Tex. App.—Austin 2017, pet. filed) (allowing "limited discovery, including document production" and the deposition of one of the TCPA movants).

Here, Sutherland successfully articulated that "good cause" exists, entitling it to discovery in order to meet the prima-facie burden imposed by the TCPA. However, on its face, the discovery allowed by the Discovery Order is extremely broad and not

---

[4]Indeed, the non-moving party would presumably possess at least some evidence supporting its own alleged causes of action that are subject to a TCPA motion to dismiss. If not, one could argue that the attorney or party engaged in sanctionable conduct by alleging groundless claims. *See* Tex. R. Civ. P. 13 ("The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment.").

14

limited and specific to the TCPA Motions to Dismiss. The Discovery Order allows Sutherland to conduct at least six corporate representative depositions for four hours each to address forty-three comprehensive deposition topics and to serve a total of 135 written discovery requests on the Defendants. Further, even the most cursory review of Sutherland's discovery reveals that Sutherland has made little effort to tailor its requests to the specific issues raised in the TCPA Motions to Dismiss. For example, Sutherland seeks the production of tax returns for all of Defendants from 2010 to the present. Other examples of Sutherland's overly broad document requests include requests for "any agreements between the [P]arties and any supplements, additions, deletions, or amendments thereto" and documents "evidencing any reports or other analysis of the" real estate at issue in the lawsuit "from 2007 to the present." Also, the Discovery Order allows Sutherland to serve indiscriminate interrogatories requesting from Defendants a "list[ing] of all properties you have served as a real estate agent or broker and or have marketed, advertised or sold for Defendants (and their related and affiliated entities) from 2007 to the present" and information regarding "commissions for all properties you have marketed, advertised, or sold for" Defendants. These written discovery requests are but a sampling of the scattershot, case-wide discovery requests allowed by the Discovery Order that are not specifically tied to the allegations at issue in the TCPA Motions to Dismiss.

The corporate representative depositions sought by Sutherland and allowed by the Discovery Order are even more extensive. The requests as to the corporate

15

representative depositions did not reference specific topics in the Motions to Dismiss, rather the forty-three categories of information sought from each of the six Defendants concern such all-encompassing topics as:

- any Defendants' involvement with the real estate at issue in the lawsuit;

- any "[i]nformation or documentation exchanged by and between . . . Defendants and their real estate agents and/or brokers pertaining to the" real estate at issue;

- the "financial struggles of . . . Defendants";

- "[a]ny information, including material information, that was not disclosed to [Sutherland] before, during, or after the purchase of the" real estate at issue in the lawsuit;

- and "[a]ny other matters that relate or involve the subject matter of this litigation that are addressed in the [TCPA] Motion[s] to Dismiss."

It would be an exercise in pure sophistry for this court to hold such requests were "specified" and "limited" to the TCPA Motions to Dismiss.

We hold that the Discovery Order is not properly limited to discovery of information necessary to meet the minimum burden of establishing a prima facie case for each element of Sutherland's causes of action and is not limited to discovery relevant to the TCPA Motions to Dismiss. As a result, the Discovery Order violates Section 27.006(b) of the TCPA and was a clear abuse of discretion. Thus, we sustain Defendants' second issue.

## V. Defendants have no Adequate Remedy on Appeal.

In their third issue, Defendants contend that they are entitled to mandamus relief because they have no adequate remedy on appeal. We agree.

16

While Sutherland may have established "good cause" for some discovery relevant to the TCPA Motions to Dismiss, the mandate of the TCPA could not be any clearer and cannot be ignored—any permitted discovery must be "specified and limited discovery relevant to the motion." Tex. Civ. Prac. & Rem. Code Ann. § 27.006(b); *see Beving*, 563 S.W.3d at 406 (courts must take the TCPA's enacted language as the "surest guide to what lawmakers intended"); *see also Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S. Ct. 1146, 1149 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The broad and sweeping discovery permitted by the Discovery Order is not properly limited and specific to discovery relevant to the motions to dismiss and, as far as this court can determine, far exceeds the scope of any discovery allowed by any other trial or appellate court under the TCPA. *See, e.g.*, *IntelliCentrics, Inc.*, 2018 WL 5289379, at *5 (allowing the non-movant to serve eleven document requests); *Lane*, 544 S.W.3d at 889 n.1 (noting that trial court allowed one three-hour deposition of TCPA movant). We conclude that Defendants have no adequate remedy on appeal. *See SPEX Group US*, 2018 WL 1312407, at *5 (relator was entitled to mandamus relief because there was no adequate remedy on appeal from overly broad TCPA discovery order); *see also In re D.C.*, 05-13-00944-CV, 2013 WL 4041507, at *1 (Tex. App.—Dallas Aug. 9, 2013, orig. proceeding) (mem. op.) (relator entitled to mandamus relief after the trial court granted

17

an emergency motion for expedited discovery prior to ruling on her TCPA motion to dismiss without a showing of "good cause").

Thus, we sustain Defendants' third issue.

## CONCLUSION

On this record, we conclude the trial court abused its discretion by issuing the Discovery Order and by granting the excessive discovery requested by Sutherland. We also conclude that Defendants have no adequate remedy on appeal. We conditionally grant the writ in part and direct the trial court to vacate the Discovery Order as soon as possible and, after a hearing, to issue a new order limiting discovery as required by the TCPA. We deny all other relief requested by Defendants. We are confident the trial court will comply with this opinion, and we will not issue a writ unless the trial court refuses to timely comply.[5]

---

[5]With this opinion as their guide, we are confident, with the help of the trial court, that the attorneys will lay aside their respective shotguns and communicate in a good-faith attempt to agree upon the "specified and limited" discovery relevant to the TCPA Motions to Dismiss. *Cf.* Benjamin Franklin, *Webster's Book of Quotations* 232 (3d ed. 1992) ("There was never a good war, or a bad peace."). The parties are encouraged to remember the admonition of President Lyndon Johnson, *"*Come now, let us reason together." *John Bartlett, Familiar Quotations* 872 (15th ed. 1980); *see also* Isaiah 1:18-20 (NIV). By doing so, we are confident that this court will not again be summoned to the battlefield to intervene in this matter a third time. Indeed, the Texas Lawyer's Creed, among other things, mandates that members of the Texas bar: (1) "will refrain from excessive and abusive discovery"; (2) "will comply with all reasonable discovery requests"; (3) "will not seek Court intervention to obtain discovery which is clearly improper and not discoverable"; (4) "will not arbitrarily schedule a deposition, Court appearance, or hearing until a good faith effort has been made to schedule it by agreement"; and (5) "will attempt to resolve by agreement . . . objections to matters

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Delivered:  April 22, 2019

---

contained in . . . discovery requests and responses." Texas Lawyer's Creed—A Mandate for Professionalism, *reprinted in* Texas Rules of Court 735–37 (West 2018), *available at* https://www.texasbar.com/AM/Template.cfm?Section=Ethics_Resources&Template=/CM/ContentDisplay.cfm&ContentID=30309 (last viewed Apr. 18, 2019); *see also Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 286–87 (N.D. Tex. 1988) (en banc) (requiring attorneys to hold **meaningful** discussions in an attempt to resolve discovery disputes without court intervention).