

NUMBER 13-19-00577-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE GREAT LAKES INSURANCE SE

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION
**Before Justices Benavides, Longoria, and Perkes**
**Memorandum Opinion by Justice Benavides[1]**

Relator Great Lakes Insurance SE filed a petition for writ of mandamus in the above cause number on November 12, 2019. Through this original proceeding, relator contends that the trial court erred in allowing discovery beyond that allowed by the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011.[2] We deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] According to the pleadings, relator was formerly known as Great Lakes Reinsurance (UK) PLC. The real parties in interest also filed suit against Jose Lopez, an insurance adjuster; however, he has not appeared below and is not a party to this proceeding.

# I. BACKGROUND

According to their first amended original petition, real parties in interest Juan Lambrecht and Rosa Cortez filed suit against relator for breach of contract because relator insured their residential property at 1003 East 31st Street in Mission, Texas, but failed to pay for damage sustained to the property by a severe storm.

Relator filed a third amended counterclaim against real parties and other counter-defendants for fraud, fraud by nondisclosure, negligent misrepresentation, and conspiracy, and relator alleged that the real parties' lawsuit constituted a frivolous action under the insurance code. *See* TEX. INS. CODE ANN. § 541.153. The other parties delineated as counter-defendants include Cord Largo, David Poynor, Poynor Group, Under Paid Claim, LLC, and Martha Guerra, who were generally involved in inspecting the property and adjusting the claim. According to the allegations in relator's third amended counterclaim: the real parties entered a contract with the other counter-defendants to report the insurance claim to relator for damages that allegedly occurred on March 26, 2015; the counter-defendants inspected the property on or about August 11, 2015; these parties changed the date of loss from March 26, 2015, to August 19, 2015; and the parties nevertheless submitted a claim to relator for damages allegedly sustained on August 19, 2015, without reinspection of the property. This counterclaim specifically recites, in relevant part:

> 10. Lambrecht signed a contract with public adjuster Martha Guerra on or about July 16, 2015 wherein he authorized Guerra, Cord Largo and/or Under Paid to report an insurance claim to Great Lakes for damages to his property located at 1003 East 31st Street, Mission, Texas 78574 that had allegedly occurred on March 26, 2015.

> 11. Largo, Guerra, and/or Under Paid then engaged Poynor and Group to inspect the subject property and prepare an Xactimate estimate

2

for the cost of repairs. The purpose of utilizing Xactimate was to submit this estimate to Great Lakes in conjunction with a request for payment of insurance proceeds. Poynor and Group allegedly prepared this estimate and conducted their inspection on or before August 11, 2015. Poynor and Group knew Largo, Guerra, and/or Under Paid were in the business of public adjusting and received all or a substantial portion of their incomes by obtaining insurance proceeds from insurance companies. Poynor and Group also knew that the cause of damages, and when those respective damages occurred, were necessary components to whether Largo, Guerra, and/or Under Paid were entitled to receive any insurance proceeds. Therefore, Poynor and Group manipulated those necessary issues in order for their estimate to remain adaptable for Largo, Guerra, and/or Under Paid's purposes.

12.     After Poynor and Group completed their estimate and inspection . . . Lambrecht, Largo, Guerra, and/or Under Paid then elected to alter their contract to change, among other things, the date of loss from March 26, 2015 to August 19, 2015. This means that neither Poynor nor Group saw the property after, nor could they offer an opinion regarding, the August 19, 2015 date of loss.

13.     Largo, Guerra, and/or Under Paid nevertheless submitted this altered contract to Great Lakes requesting Great Lakes open a claim and investigate the property for damages that had allegedly occurred on August 19, 2015. Great Lakes investigated the claim, found that the property had not sustained hail or wind damages on August 19, 2015, and promptly issued a claim disposition letter denying the claim.

14.     On or about January 29, 2016, Plaintiffs' attorney, Blayne Fisher, then sent Great Lakes a demand letter again alleging that the subject property was damaged by a covered peril on August 19, 2015. Poynor and Group's damage estimate was included for support of the demand letter; notably the estimate stated it was prepared on August 11, 2015, yet Fisher represented those damages had occurred on August 19, 2015. In fact, neither Poynor, Group, Largo, Guerra, nor Under Paid has ever inspected the property for damages that could have occurred on August 19, 2015. Great Lakes responded to Fisher on or about February 24, 2016, informing Fisher that her allegations lacked a logical basis. Fisher's law firm, Phipps, LLP, ignored this information and chose instead to file this frivolous lawsuit.

3

In response to the counterclaim, the real parties subsequently filed a lengthy and detailed "Plaintiffs' Motion for Sanctions for Filing Frivolous Pleading." This fifty-page motion, including evidentiary support and accompanied by an affidavit, alleged, in summary, that relator's counterclaim constituted a frivolous pleading and sought sanctions against relator under Chapter 10 of the Texas Civil Practice and Remedies Code and Rule 13 of the Texas Rules of Civil Procedure. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001; TEX. R. CIV. P. 13; *see also Nath v. Texas Children's Hosp.*, 446 S.W.3d 355, 362 (Tex. 2014). The real parties alleged, inter alia, that relator insured their property throughout 2015; there were two separate storms on March 26, 2015, and August 19, 2015, and the date of loss was changed at the direction of relator's agent, McClelland & Hine, Inc.

Relator filed a motion to dismiss the real parties' motion for sanctions under the TCPA. It argued that its counterclaim constituted an exercise of its right to petition under the TCPA, and therefore, the motion for sanctions should be dismissed under the TCPA. The motion to dismiss was set for hearing in the trial court; however, the real parties requested to continue the hearing so that they could conduct limited discovery under the TCPA. The real parties alleged:

6.      Plaintiff[s] respectfully request[] that the hearing on Defendant's TCPA Motion to Dismiss be continued to conduct Limited Discovery pursuant to Section 27.006(b) of the Texas Civil Practices and Remedies Code ("Texas Citizens Participation Act" or "TCPA"), so that Plaintiff[s] can be provided limited discovery on the issues relating to Great Lakes's allegations contained in its TCPA Motion to Dismiss relating to the right to petition and the good faith of Great Lakes's Counsel and Great Lakes in filing its Third Amended Counter-Claim. The evidence required to prove such fraudulent intent in the filing of the Great Lakes's Third Amended [Counterclaim] is exclusively within the possession of the Defendant and its counsel, and a corporate representative for Great Lakes concerning motive

4

concerning policy renewals, commissions, claims, denial of claims and the financial incentives to pay or not pay claims. . . . Plaintiffs believe that the specified and limited discovery sought can be conducted so as to not unduly delay the hearing and ruling on Defendant's Motion and can be accomplished within the 120-day time limit provided by the TCPA. TEX. CIV. PRAC. & REM. CODE § 27.004(c). To that end, Plaintiffs request that—in the unlikely event Defendant is able to both prove applicability of the TCPA and disprove the exemption from the TCPA under the commercial speech and bodily injury exemptions—the Court reset the hearing on Defendant's motion to permit time for necessary discovery as permitted by the TCPA. TEX. CIV. PRAC. & REM. CODE § 27.006(b).

7.      Additionally, Plaintiffs were first served with a response to Plaintiffs' Motion for Sanctions late yesterday evening and based upon that response and the objections lodged to evidence submitted by Plaintiffs on [their] Motion for Sanctions, Plaintiffs' Request a Continuance of this matter on all pending motions before the Court and that all motions, TCPA Motion to Dismiss, Plaintiffs' Motion for Sanctions and all Summary Judgment Motions be heard at the same time since the issues presented in each are so intertwined that to hear those matters separately would not serve judicial efficiencies.

The trial court postponed the hearing and allowed the real parties to pursue discovery but did not explicitly state what discovery it would allow and did not issue a written order. The hearing on relator's TCPA motion was rescheduled. When the parties appeared at the rescheduled hearing, the trial court addressed discovery, but did not rule on the merits of relator's motion to dismiss. The trial court verbally confirmed that it would allow discovery in the form of a deposition limited to three hours. The court stated that the hearing on the TCPA motion to dismiss would be continued pending the completion of the requested discovery.

This original proceeding ensued. Relator originally raised four issues asserting that: (1) the trial court abused its discretion when it allowed discovery despite real parties' failure to show the good cause required for discovery while a TCPA motion to dismiss is pending before the court; (2) the trial court abused its discretion when it refused to issue

5

a written order specifying the parameters of the "specified and limited discovery" it allowed under the TCPA; (3) the trial court abused its discretion when it refused to limit the parameters of the "specified and limited discovery" to issues "relevant to the motion;" and (4) relator lacks a remedy by appeal. This Court requested that the real parties in interest, Juan Lambrecht and Rosa Cortez, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus on or before the expiration of ten days. *See* TEX. R. APP. P. 52.2, 52.4, 52.8.

Relator further sought emergency relief to stay the underlying proceedings pending resolution of its petition for writ of mandamus. Relator specifically sought to stay a hearing scheduled in the trial court on the foregoing issues scheduled for November 19, 2019. By order previously issued, this Court granted relator's emergency motion in part and denied it in part. We denied the stay, in part, insofar as we allowed the hearing scheduled for November 19, 2019, to proceed, and we stated that the trial court retained discretion to consider and enter any orders deemed necessary pertaining to the outstanding discovery issues pending between the parties. We specifically stated that the trial court could consider and issue an order pertaining to relator's "Motion to Quash and For Protective Order" and could further, in its discretion, issue an order or orders pertaining to the parameters of the discovery that it was allowing. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(b). We granted the stay, in part, and ordered that the following matters were stayed: (1) notices for depositions and other discovery requests; (2) oral discovery orders that have previously been issued; (3) any discovery orders, as described above, that may be issued by the trial court pursuant to this order; (4) any other trial court proceedings; and (5) legal deadlines applicable to any party. We ordered that this stay

6

would remain in effect pending further order of the Court or resolution of this original proceeding. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided.").

The real parties requested and received an extension of time to file their response to the petition for writ of mandamus, but nevertheless did not file a response within the extended period allowed.

Relator subsequently filed a supplemental petition for writ of mandamus with a supplemental record. According to the supplemental petition and record, the trial court issued a written order on November 25, 2019, defining the scope of discovery allowed by the trial court during the pendency of the TCPA motion. The trial court's November 25, 2019 order provides for the following discovery:

> IT IS THEREFORE ORDERED that Plaintiffs may depose a corporate representative witness(es) from Defendant, Great Lakes Reinsurance (UK) P.L.C., and their agent/non-party, McClelland and Hine, Inc. to testify on behalf of the respective organizations with regard to the following matters upon which testimony examination is requested:
>
> 1) Knowledge of the policies and procedures for insurance claims considerations affecting policy renewals for residential insurance policies brokered by McClelland & Hine relative to Great Lakes insurance policies for insureds such as Plaintiffs. This topic is limited to Great Lake insurance policies in 2015 in Texas.
>
> 2) Knowledge of the policies and procedures of the effect of insurance claims on commissions, brokerage fees and the like relative to residential insurance policies brokered by McClelland & Hine relative to Great Lakes insurance policies for residential properties during the time period of Plaintiff[s'] renewal in 2015. This topic is limited to Great Lake insurance policies in 2015 in Texas.
>
> 3) Knowledge of the policies and procedures for insurance claims affecting policy renewals for residential insurance policies brokered by McClelland & Hine relative to Great

7

Lakes insurance policies for insureds such as Plaintiffs. This topic is limited to Great Lake insurance policies in 2015 in Texas.

4) Knowledge of the policies and procedures for insurance claim adjusting and claim decision making by McClelland & Hine for insurance policies brokered for Great Lakes during 2015 and the effect of payment of property damage claims have on commissions and brokerage fees. This topic is limited to Great Lake insurance policies in 2015 in Texas.

5) Knowledge of the policies and procedures for insurance claim adjusting, claim decision and or financial incentives for McClelland & Hine for insurance policies brokered for Great Lakes during 2015 and the effect of property damage claims have on financial incentives. This topic is limited to Great Lake insurance policies in 2015 in Texas.

IT IS FURTHER ORDERED that all documents which [form] the basis or [are] relied upon by the [witnesses] . . . for the above topics (1) through (5) shall be produced seven (7) days prior to the subject deposition and that said depositions shall be completed within 45 days of entry of this order; that the depositions will be taken in Bexar County, Texas, that both depositions will be no longer than 3 hours each, [and] the parties are ordered to notify the Court of scheduling of said depositions as ordered herein so that the Court can the schedule . . . all Motions for Summary Judgment, Motions to Dismiss, and Motion for Sanctions.

In its supplemental petition, relator asserted that this order rendered its second issue–pertaining to the lack of a written order—moot; however, it reiterated its right to relief regarding its remaining issues.

Currently before the Court are (1) relator's emergency motion to reconsider the scope of the stay that we previously imposed in this case, and (2) the real parties' motion for extension of time to file a response to the supplemental petition for writ of mandamus. The opposing parties have filed responses to each of these motions objecting to the requested relief. Given our analysis and disposition of this case, we dismiss both motions as moot.

8

## II. STANDARD OF REVIEW

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or is a clear abuse of discretion and there is no adequate appellate remedy. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding); *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (per curiam); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (per curiam); *see In re Shipman*, 540 S.W.3d 562, 565 (Tex. 2018) (orig. proceeding) (per curiam). "If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist." *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding).

9

## III. DISCOVERY

The scope of discovery is generally within the trial court's discretion. *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (orig. proceeding) (per curiam); *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam). "Parties are 'entitled to full, fair discovery' and to have their cases decided on the merits." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009) (quoting *Able Supply Co. v. Moye*, 898 S.W.2d 766, 773 (Tex. 1995) (orig. proceeding)). Thus, our procedural rules allow the broad discovery of unprivileged information that is "relevant to the subject matter of the pending action." TEX. R. CIV. P. 192.3(a); *see In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 131 (Tex. 2018) (orig. proceeding); *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488. Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. *See* TEX. R. EVID. 401. The phrase "relevant to the subject matter" is to be broadly construed. *Ford Motor Co.*, 279 S.W.3d at 664; *see In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488. It is not a ground for objection "that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." TEX. R. CIV. P. 192.3(a).

## IV. TCPA

The TCPA was passed "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002; *see D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429,

10

433–35 (Tex. 2017) (explaining that the TCPA balances the need for freedom of press and the right to seek redress for injury); *see also In re SSCP Mgmt., Inc.*, 573 S.W.3d 464, 470 (Tex. App.—Fort Worth 2019, orig. proceeding); *Beving v. Beadles*, 563 S.W.3d 399, 403 (Tex. App.—Fort Worth 2018, pet. denied).

The TCPA provides a procedure to expedite the dismissal of a "legal action" that appears to stifle the nonmovant's exercise of the rights protected by the statute. *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018); *see* TEX. CIV. PRAC. & REM. ANN. §§ 27.003–.005. The movant bears the initial burden to show by a preponderance of the evidence that the legal action is based on, related to, or in response to the movant's exercise of the right of free speech, the right of association, or the right to petition. *Youngkin*, 546 S.W.3d at 679. If the movant makes this showing, the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of the claim in question. TEX. CIV. PRAC. & REM. ANN. § 27.005(c); *Youngkin*, 546 S.W.3d at 679.

Except as provided by the TCPA, the filing of a motion to dismiss under § 27.003 stays "all discovery in the legal action" until the trial court rules on the motion. *Id.* § 27.003(c). Section 27.006(b) provides an exception to the mandatory suspension of discovery by allowing only "specified and limited discovery relevant to the motion" on the court's own motion or a party's motion "and on a showing of good cause." *Id.* § 27.006(b); *see In re SSCP Mgmt., Inc.*, 573 S.W.3d at 470; *see also In re SPEX Grp. US LLC*, No. 05-18-00208-CV, 2018 WL 1312407, at *4 (Tex. App.—Dallas Mar. 14, 2018, orig. proceeding [mand. dism'd]) (mem. op.). If the party seeking discovery showed good cause and the specified and limited discovery has been conducted, the dismissal hearing

11

must occur no later than 120 days after service of the motion to dismiss.  TEX. CIV. PRAC. & REM. CODE ANN. § 27.004(c).

<h2 style="text-align:center">V. ANALYSIS</h2>

By its first and third issues, relator argues that the trial court abused its discretion by allowing discovery because the real parties failed to show "good cause" for the discovery under § 27.006(b) and by refusing to limit the parameters of the "specified and limited discovery" to issues "relevant to the motion."  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(b).

### A. Good Cause

We first address relator's "good cause" argument.  The real parties sought limited discovery "on the issues relating to [relator's] allegations contained in its TCPA Motion to Dismiss relating to the right to petition and the good faith of [relator's counsel and relator] in filing its Third Amended Counter-Claim."  They asserted that the "evidence required to prove such fraudulent intent" in filing the counterclaim "is exclusively within the possession of the Defendant and its counsel, and a corporate representative for [relator] concerning motive concerning policy renewals, commissions, claims, denial of claims and the financial incentives to pay or not pay claims."  We note that determinations about motive and intent generally involve evidentiary matters.  *See, e.g.*, *WWW.URBAN.INC. v. Drummond*, 508 S.W.3d 657, 676 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("Rule 13 generally requires that the trial court hold an evidentiary hearing to make a determination about the motives and credibility of the person signing the document."); *R.M. Dudley Const. Co., Inc. v. Dawson*, 258 S.W.3d 694, 709 (Tex. App.—Waco 2008, pet. denied) ("A trial court must hold an evidentiary hearing to make the necessary factual

12

determinations about the party's or attorney's motives and credibility."). Accordingly, we conclude that the trial court acted within its discretion in determining that the real parties demonstrated good cause entitling them to discovery relevant to the TCPA motion to dismiss. We overrule relator's first issue.

### B. "Specific" and "Limited" Discovery

In its third issue, relator contends that the trial court abused its discretion in allowing discovery that is not "specified" and "limited" and relevant to the motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(b). As stated previously, the TCPA explicitly authorizes "specified and limited discovery relevant to the motion" to dismiss. *Id.* However, the TCPA does not define the scope of permissible discovery allowed under this section. *See id.* Various courts of appeals have considered this issue and have held that discovery is relevant to the motion to dismiss if it seeks information related to the allegations asserted in the motion to dismiss, and some merits-based discovery may also be relevant to the extent that it seeks information to assist the non-movant to meet its burden to present a prima facie case for each element of the non-movant's claims to defeat the motion to dismiss. *See, e.g.*, *In re SSCP Mgmt., Inc.*, 573 S.W.3d at 471–72; *see also In re SPEX Grp. US LLC*, 2018 WL 1312407, at *4–5. Any merits-based discovery that is necessarily implicated by the motion to dismiss must meet the statutory requirement for "specific" and "limited" discovery because a prima facie standard generally requires only the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true. *See In re SSCP Mgmt., Inc.*, 573 S.W.3d at 471–72; *see also In re SPEX Grp. US LLC*, 2018 WL 1312407, at *4–5. Accordingly, Texas courts have allowed non-movants to conduct abbreviated discovery,

13

such as a short deposition of the TCPA movant, or very truncated document production. *See In re SSCP Mgmt., Inc.*, 573 S.W.3d at 471–72 (collecting cases but concluding that the discovery order subject to review was not sufficiently limited in scope); *see, e.g., In re Bandin*, 556 S.W.3d 891, 895 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) (allowing two, two-hour depositions of movants); *Lane v. Phares*, 544 S.W.3d 881, 889 n.1 (Tex. App.—Fort Worth 2018, no pet.) (noting that the trial court allowed a three-hour deposition of the TCPA movant); *Warner Bros. Entm't, Inc. v. Jones*, 538 S.W.3d 781, 789 (Tex. App.—Austin 2017, pet. filed) (allowing "limited discovery, including document production" and the deposition of one of the TCPA movants); *see also In re IntelliCentrics, Inc.*, No. 02-18-00280-CV, 2018 WL 5289379, at *7 (Tex. App.—Fort Worth Oct. 25, 2018, orig. proceeding) (mem. op.) (allowing eleven requests for production).

Here, relator has filed a TCPA motion to dismiss the real parties' motion for sanctions, which is based on the real parties' contention that relator filed a frivolous counterclaim under the TCPA. The discovery authorized by the trial court is "specific" and is "limited" to two, three-hour corporate representative depositions with the production of documents relied on by the deponents. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.006(b). The discovery is limited to five topics regarding Great Lake insurance policies in 2015 in Texas pertaining generally to knowledge of policies and procedures regarding: (1) insurance claims considerations affecting policy renewals for residential insurance policies brokered by McClelland & Hine relative to Great Lakes insurance policies for insureds such as the real parties; (2) the effect of insurance claims on commissions, brokerage fees, and the like relative to residential insurance policies brokered by McClelland & Hine concerning Great Lakes insurance policies for residential

14

properties; (3) insurance claims affecting policy renewals for residential insurance policies brokered by McClelland & Hine relative to Great Lakes insurance policies for insureds such as the real parties; (4) insurance claim adjusting and claim decision making by McClelland & Hine for insurance policies brokered for Great Lakes and the effect that payment of property damage claims have on commissions and brokerage fees; and (5) insurance claim adjusting, claim decision, and/or financial incentives for McClelland & Hine for insurance policies brokered for Great Lakes and the effect that property damage claims have on financial incentives. We conclude that this abbreviated and truncated discovery comports with the statute's requirement for "specific" and "limited" discovery. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(b); *In re SSCP Management, Inc.*, 573 S.W.3d at 471–72. We further conclude that the requested discovery is relevant to relator's motion to dismiss because it seeks information related to the allegations in the motion regarding the validity of relator's counterclaim and the real parties' motion for sanctions based on the alleged frivolity of relator's counterclaim. *See In re SSCP Mgmt., Inc.*, 573 S.W.3d at 471–72; *see also In re SPEX Grp. US LLC*, 2018 WL 1312407, at *4–5.

We overrule relator's third issue. Having overruled this issue, we need not address relator's remaining issues. *See* TEX. R. APP. P. 47.4.

## VI. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that relator has not met its burden to obtain relief. Accordingly, we lift the stay previously imposed in this case and we deny

15

the petition for writ of mandamus.  Any pending motions not otherwise disposed of in this opinion are dismissed as moot.

GINA M. BENAVIDES,
Justice

Delivered and filed the
16th day of December, 2019.