v.

**STEAK N SHAKE OPERATIONS, INC., Appellee**

No. 05–14–00649–CV

Court of Appeals of Texas, Dallas.

Opinion Filed April 13, 2015

Matthew J. Kita, Dallas, for Appellant.

Christopher L. Kurzner, Dallas, James F. Parker III, Dallas, Matthew R. McCarley, Dallas, Warren K. Paxton Jr., McKinney, for Appellee.

Before Justices Francis, Evans, and Stoddart

## OPINION

Opinion by Justice Evans

B.C. appeals from the trial court's take-nothing summary judgment on her common-law assault claim against her former employer Steak N Shake Operations, Inc. We conclude B.C.'s assault claim against Steak N Shake was barred as a matter of law by the Texas Commission on Human Rights Act.[1] Accordingly, we affirm the trial court's judgment.

### BACKGROUND

B.C., a Steak N Shake associate, filed this lawsuit alleging she was sexually assaulted, battered, and molested by her supervisor/manager in the employee restroom while working a late shift in October 2011. Specifically B.C. alleged the supervisor exposed his sexual organ to her, used force, and committed "touching that was unwanted and unprovoked." According to B.C., she reported the assault and other policy violations committed by the supervisor to Steak N Shake, but the company failed to properly investigate the matter.

In her live pleading, B.C. asserted various causes of action against Steak N Shake including assault, sexual assault, battery, negligence, gross negligence, and intentional infliction of emotional distress.[2] With respect to her cause of action for

---

1. TEX. LAB.CODE ANN. § 21.001–.556 (West 2006 & West Supp.2014).

2. B.C. also sued the supervisor/manager, but non-suited her claims against him after the trial court granted Steak N Shake's summary judgment motion.

"assault, sexual assault, and battery,"[3] B.C. contends Steak N Shake is directly liable for the supervisor's conduct because he "was acting at such time as the vice principal of the [restaurant]." She also asserted Steak N Shake was directly liable for the assault for failing to provide a safe workplace for its employees, particularly for failing to keep B.C. safe from harmful sexual assault.

Steak N Shake moved for summary judgment asserting, among other grounds, that B.C.'s common law negligence and intentional tort claims against it were barred by TCHRA. The trial court granted Steak N Shake's motion without specifying the grounds. In this appeal, B.C. challenges the summary judgment on her assault claim only and does not appeal the summary judgment on her other causes of action. Accordingly, claims other than assault are not before us, and we express no opinion about them.

## Analysis

We review a trial court's decision to grant or deny a motion for summary judgment de novo. *City of Lorena v. BMTP Holdings, L.P.*, 409 S.W.3d 634, 645 (Tex. 2013). When the trial court's order granting summary judgment does not specify the basis for the ruling, we will affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex.2003). We review the summary judgment record in the light most favorable to the non-movant, indulging every reasonable inference and resolving any doubts against the

movant. *City of Lorena*, 409 S.W.3d at 645.

In her second issue, B.C. contends that her assault claim against Steak N Shake is not barred or preempted by TCHRA because that statute "does not apply to claims for sexual assault." She argues that although TCHRA applies to sexual harassment claims against an employer, the Legislature did not intend for it to apply to claims of common-law sexual assault. Underlying B.C.'s argument is her contention that while an assault can arise out of an isolated incident, sexual harassment necessarily requires a pattern of conduct. We disagree.

In *Waffle House, Inc. v. Williams*, the Texas Supreme Court held that "[w]here the gravamen of a plaintiff's case is TCHRA-covered harassment, the Act forecloses common-law theories predicated on the same underlying sexual-harassment facts." 313 S.W.3d at 813. As noted in *Waffle House*, "employer liability for unwanted sexual touching by a coworker (simple assault under Texas law given its offensive or provocative nature) is limited to a tailored TCHRA scheme that specifically covers employer liability for sexual harassment." *See id.* at 803.

Here, it is undisputed that B.C.'s assault claim against Steak N Shake is premised on the unwanted offensive touching allegedly committed by her supervisor/manager. B.C. has not cited any authority, and we have found none, to support her position that a sexual harassment claim under TCHRA must be based on more than a single or isolated sexual assault as alleged

---

**3.** In her petition, B.C. does not differentiate between her assault, sexual assault, and battery causes of action and discusses them together. We likewise consider these causes of action together and will refer to them collectively as her assault claim. In the civil context, Texas caselaw uses the terms "assault," "battery," and "assault and battery" interchangeably. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 801 n. 4 (Tex. 2010).

by B.C. At least one court has concluded that *Waffle House* precluded a common-law assault and battery claim based on a single sexual assault. *See Mosley v. Wal-Mart Stores, LLC,* No. 3:10–CV–2305–L, 2011 WL 2893086 at *3 (N.D.Tex. July 20, 2011) (mem.op.) (unwelcome and offensive touching described in the petition was an assault and also sexual harassment even though the offensive touching only occurred once). As in *Mosley,* the offensive conduct attributed to B.C.'s supervisor in her petition may have constituted an assault, but it was also actionable as sexual harassment under TCHRA. Because the gravamen of B.C.'s complaint against Steak N Shake is sexual harassment/sexual assault committed by her supervisor, a wrong TCHRA was specifically designed to remedy, her common law assault claim is precluded by the Act. To allow B.C. to bring an assault claim based on the same conduct that is actionable under TCHRA as sexual harassment would permit her to circumvent the comprehensive anti-harassment regime crafted by the Legislature, rendering TCHRA's remedy limitations meaningless. *See Waffle House,* 313 S.W.3d at 807–08. Because B.C.'s exclusive remedy for workplace sexual harassment is a claim pursuant to the substantive and procedural requirements of TCHRA, the trial court did not err in granting summary judgment on B.C.'s assault claim. Our resolution of this issue makes it unnecessary to address B.C.'s other issues.

We affirm the trial court's judgment.