**Petition for Writ of Mandamus Denied and Majority and Concurring Opinions filed August 3, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00605-CV

---

### IN RE JOSE BANDIN AND MONICA BABAYAN, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-06745**

---

## MAJORITY OPINION

Relators Jose Bandin and Monica Babayan filed a petition for writ of mandamus asking this court to compel the Honorable Steven Kirkland, presiding judge of the 334th District Court of Harris County, to set aside his July 20, 2018 order granting an emergency motion for discovery pursuant to the Texas Citizens Participation Act (TCPA). *See* Tex. Gov't Code Ann. § 22.221 (Vernon Supp.

2017); *see also* Tex. R. App. P. 52. Because relators have an adequate remedy by appeal, we deny the petition.

## BACKGROUND

The Free and Sovereign State of Veracruz de Ignacio de la Llave ("Veracruz") sued Bandin, Babayan, an entity called 18 Shallowford Place, LLC, and the former governor of Veracruz, Javier Duarte de Ochoa ("Duarte"), in January 2018. Veracruz is one of the states that comprises Mexico.

Veracruz's petition alleges claims for conversion, violations of the Texas Theft Liability Act, and conspiracy. Veracruz contends that Duarte and others conspired to steal billions of dollars from the Veracruz government and to launder the money by purchasing real estate and making other investments through a network of sham corporations. According to Veracruz, Duarte and relators conspired to divert money designated for social programs in Mexico and used it to purchase property owned by their company, 18 Shallowford Place, LLC, in Tomball, Texas.

On May 17, 2018, relators filed a motion to dismiss Veracruz's claims under the TCPA, contending that (1) the alleged theft and laundering of public money involved communications made in connection with a matter of public concern, and (2) the alleged conspiracy implicated relators' right of association. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–27.011 (Vernon 2015).[1] This filing stayed all discovery in the case. *Id.* § 27.003(c). Relators noticed a hearing on their TCPA

---

[1] We express no view on whether the TCPA applies to this case, as that issue has not yet been decided by the trial court and is not before us in this original proceeding.

motion to dismiss for July 13, 2018. Veracruz filed a response to the motion to dismiss the day before the hearing. Addressing the merits of the motion, Veracruz asserted that it could "easily" put forth evidence to establish a prima facie case on each essential element of its claims. Alternatively, Veracruz requested leave in its response to conduct discovery under the TCPA. Veracruz claimed that because discovery was stayed, "[t]here is no public way for Plaintiff to discover Defendants' ability to source the funds that Defendants used to purchase this real estate. Such is obviously relevant information that will be highly pertinent to Plaintiff's case. This limited discovery would provide relevant information to the Court's analysis."

The trial court held a hearing on the motion to dismiss on July 13, 2018. The trial court did not rule on the motion to dismiss, stating that it had 30 days to rule on the motion. The trial court also did not rule on the request for limited discovery during the hearing.

Veracruz filed an emergency motion for discovery a few hours after the July 13, 2018 hearing. Veracruz alleged that relators, who argued that Veracruz had not produced enough evidence to satisfy its prima facie case of theft, used the discovery stay as both a shield and a sword. Veracruz sought permission to trace the allegedly stolen funds by deposing Bandin and Babayan and sending a limited amount of written discovery related to the funds used to buy the Tomball property.

The trial court held a hearing on Veracruz's discovery motion on July 20, 2018. At the end of the hearing, the trial court verbally ordered that (1) Veracruz would be allowed to depose Bandin and Babayan, each for two hours, before August 3, 2018; and (2) the record be supplemented with the deposition transcripts by 9:00 a.m. on August 3, 2018.

3

Relators challenge the trial court's order permitting the depositions of Bandin and Babayan. Simultaneously with filing their petition for writ of mandamus on July 24, 2018, relators also asked this court to stay the depositions. This court denied the stay on July 31, 2018, and now denies mandamus relief for the reasons stated below.

## STANDARD OF REVIEW

A relator seeking mandamus relief generally must demonstrate that (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding) (per curiam). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). An adequate remedy by appeal does not exist if the appellate court would not be able to cure the discovery error, such as when privileged information or trade secrets would be revealed or production of patently irrelevant or duplicative documents imposing a disproportionate burden on the producing party is ordered. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding) (per curiam).

## ANALYSIS

A TCPA motion to dismiss must be filed not later than the 60th day after the date of service of the legal action. Tex. Civ. Prac. & Rem. Code Ann. § 27.003(b). Except as provided by section 27.006(b), all discovery is stayed upon the filing of

the motion to dismiss. *Id.* § 27.003(c). Section 27.006(b) provides that the trial court may allow specified and limited discovery relevant to the motion to dismiss. *Id.* § 27.006(b). The court may continue the hearing on the motion to dismiss to allow for discovery. *Id.* § 27.004(c).

The trial court may not dismiss a legal action under the TCPA if the non-movant establishes by clear and specific evidence a prima facie case for each essential element of the claim in question. *Id.* § 27.005(c). The court must rule on a motion under section 27.003 not later than the 30th day following the date of the hearing on the motion, otherwise it is overruled by operation of law. *Id.* §§ 27.005(a), 27.008(a).

The legal dispute at issue in this mandamus focuses on whether a trial court can order discovery under section 27.006(b) after a hearing on the motion to dismiss already has been held. Relators contend that the TCPA's statutory framework forecloses post-hearing discovery because the non-movant must be able to establish a prima facie case of each essential element of its claims at the hearing. Veracruz argues that the TCPA does not preclude post-hearing discovery within the 30-day window afforded to the trial court to rule on the motion to dismiss.

We need not resolve this legal dispute to decide this mandamus petition because an adequate remedy by appeal exists even if it is assumed for argument's sake that the trial court abused its discretion by ordering discovery under these circumstances. If the motion to dismiss is granted in its entirety, a final and appealable judgment will result. An interlocutory appeal is available to the extent that the motion is denied. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12) (Vernon Supp. 2017). Either way, relators can challenge on appeal the propriety of

5

allowing post-hearing discovery, addressing whether evidence obtained after the hearing can be considered in deciding whether Veracruz satisfied its prima facie burden under the TCPA.

The expedited circumstances surrounding the trial court's post-hearing discovery order do not make the appellate remedy inadequate. Relators assert that ordering the depositions of Bandin and Babayan, who reside in Spain, with less than 10 business days' notice is "unreasonable." *See* Tex. R. Civ. P. 199.2(a) (providing that a notice of intent to take an oral deposition must be served on the witness a reasonable time before the deposition is taken). Whether notice of a deposition is reasonable depends on the circumstances of the case. *Bloyed v. Gen. Motors Corp.*, 881 S.W.2d 422, 437 (Tex. App.—Texarkana 1994), *aff'd*, 916 S.W.2d 949 (Tex. 1996).

The record does not establish that taking the two-hour depositions of Bandin and Babayan in Spain within 12 days of the oral discovery order justifies mandamus relief. The trial court had discretion to permit Veracruz to take relators' two-hour depositions in Spain and to set discovery timetables that take into account the short deadlines established by the TCPA. *See Walker v. Schion*, 420 S.W.3d 454, 458 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding abuse-of-discretion standard applies in reviewing order on TCPA discovery motion); *Hycarbex, Inc. v. Anglo-Suisse, Inc.*, 927 S.W.2d 103, 111 (Tex. App.—Houston [14th Dist.] 1996, no writ) (stating that the trial court has broad powers and discretion to control the time, place, and manner of taking depositions); *cf. In re SPEX Grp. US LLC*, No. 05-18-00208-CV, 2018 WL 1312407, at *5 (Tex. App.—Dallas Mar. 14, 2018, orig. proceeding) (mem. op.) (holding that the trial court abused its discretion because its

TCPA discovery order was not properly limited to discovery of information necessary to meet the minimum burden of establishing a prima facie case for each element of the real party in interest's causes of action, and was not limited discovery relevant to the TCPA motion to dismiss).

Relators have not asserted that any of the information requested is privileged. *See* Tex. R. Civ. P. 193.3(a) (providing the requisite procedure where a party claims the information sought is privileged); *Ford Motor Co. v. Leggat*, 904 S.W.3d 643, 645 (Tex. 1995) (orig. proceeding) (holding that the trial court abused its discretion by ordering the production of privileged documents).

Under these circumstances, relators have not established that they are entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus.

/s/     William J. Boyce
              Justice

Panel consists of Justices Boyce, Busby, and Wise (Busby, J., concurring).