# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00650-CV

---

**Alex E. Jones; Infowars, LLC; Free Speech Systems, LLC; and Owen Shroyer, Appellants**

**v.**

**Neil Heslin, Appellee**

---

### FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-001835, THE HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

---

## O P I N I O N

Appellants Alex E. Jones; Infowars, LLC; Free Speech Systems, LLC; and Owen Shroyer seek to appeal what they assert is a denial by operation of law of their motion to dismiss the claims asserted against them by Appellee Neil Heslin. Because we determine there is no order from which to appeal, we dismiss the appeal for want of jurisdiction.

## BACKGROUND

Heslin's son was killed in the Sandy Hook Elementary School shooting in December 2012. Heslin sued Appellants for defamation and defamation per se related to Appellants' statements disputing Heslin's statement, "I lost my son. I buried my son. I held my son with a bullet hole through his head." On July 13, 2018, Appellants filed a motion to dismiss Heslin's claims under the Texas Citizens Participation Act (TCPA). In August 2018, Heslin

filed a "Motion for Sanctions for Intentional Destruction of Evidence" and a motion for expedited discovery. Heslin also responded to the motion to dismiss. On August 30, 2018, the district court held a hearing to consider the pending motions. At that hearing, the court determined that it would grant limited discovery relevant to the motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code § 27.006(b). The following day, the court signed the order granting the motion for expedited discovery. That order states:

> As authorized by Tex. Civ. Prac. & Rem. Code Sec. 27.004, the court will "extend the hearing date to allow discovery." Oral hearing on Defendants' Motion to Dismiss under the Texas Citizen's Participation Act is recessed and extended until November 1, 2018, which is less than 120 days after the service of the motion under Tex. Civ. Prac. & Rem. Code Sec. 27.003.

Appellants' responses to Heslin's discovery were due on October 1, 2018, but Appellants did not respond. On October 2, Heslin filed a motion for contempt. That same day, Appellants, taking the position that their motion to dismiss had been overruled by operation of law, filed a notice of appeal. *See id.* § 27.008(a) (providing for denial by operation of law if a trial court does not rule within the time limits prescribed by the TCPA). Although the district court set an extended hearing on the motion to dismiss for November 1, 2018, that hearing could not proceed while this appeal was pending. *See id.* 51.014(b) (providing that an interlocutory appeal of a denial of a TCPA motion to dismiss "stays all other proceedings in the trial court pending resolution of that appeal").

## DISCUSSION

The parties present several arguments relating to the merits of Appellants' motion to dismiss. However, the threshold question of whether Appellants' motion to dismiss was

2

overruled by operation of law is dispositive of this interlocutory appeal. We therefore address only that issue. *See* Tex. R. App. P. 47.1 (requiring an "opinion that is as brief as practicable" that addresses issues "necessary to final disposition of the appeal").

The TCPA generally provides that a motion to dismiss is overruled by operation of law if the trial court does not rule on the motion within 30 days following the date of the hearing on the motion, Tex. Civ. Prac. & Rem. Code §§ 27.005(a), .008(c), but the Act also allows the district court to "extend the hearing date to allow discovery," so long as the hearing occurs no more than "120 days after the service of the [TCPA motion to dismiss]," *id.* § 27.004(c). Prior to section 27.004(c)'s enactment, the Dallas Court of Appeals considered a case in which the trial court began a hearing on a TCPA motion to dismiss and in the course of the hearing determined that the nonmovant was entitled to discovery. *Avila v. Larrea*, 394 S.W.3d 646, 652-53, 656 (Tex. App.—Dallas 2012, pet. denied). The Dallas court determined that the statute provided no mechanism for extending the 30-day limit to rule on the motion once the trial court commenced a hearing on the motion to dismiss, even if the trial court granted discovery. *Id.* However, "the Legislature amended the TCPA after the Dallas Court decided *Avila*, thereby allowing trial courts to grant continuances so that parties could conduct limited discovery on issues raised by motions to dismiss under the TCPA." *Fairlawn Assets LLC v. Booker*, No. 09-19-00208-CV, 2019 Tex. App. LEXIS 6384, at *3 (Tex. App.—Beaumont July 25, 2019, no pet. h.) (mem. op.); *see* Act of May 24, 2013, 83d Leg., R.S., ch. 1042, § 1, sec. 27.004(c), 2013 Tex. Gen. Laws 2501, 2501 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.004(c)). We conclude that section 27.004(c)'s language allowing the trial court to "extend the hearing date" permitted the district court in this case to recess the hearing for the purpose of allowing discovery and to resume that hearing at any point within 120 days from "the

service of the motion [to dismiss]." Tex. Civ. Prac. & Rem. Code Ann. § 27.004(c). Thus, the 30-day timeline for ruling on the motion would have been reset in accordance with the extended hearing date. *See In re Bandin*, 556 S.W.3d 891, 895 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) (Busby, J., concurring) (noting, in a case where the trial court held a hearing on a motion to dismiss, then ordered discovery, that "the trial court could also choose to 'extend the hearing date' under section 27.004(c) to allow completion of the ordered discovery and then hold a new hearing with the benefit of that discovery"). As a result, the motion to dismiss was not overruled by operation of law, but instead remained pending in the district court when Appellants filed the notice of appeal, which stayed the district court's proceedings. *See* Tex. Civ. Prac. & Rem. Code § 51.014(b). Because the motion remained pending in the district court, there is no order that could support an interlocutory appeal, and we must dismiss this appeal. *See id.* § 51.014(a)(12) (allowing interlocutory appeal from a denial of a motion to dismiss under the TCPA).

## CONCLUSION

We agree with Heslin that the district court has not yet ruled on Appellants' motion to dismiss, nor has the motion been overruled by operation of law. Accordingly, we dismiss the appeal for lack of jurisdiction.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Triana and Kelly

Dismissed for Want of Jurisdiction

Filed: August 30, 2019

4