**DISSENT; Opinion Filed January 7, 2020.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00252-CV

### ERIN WALKER, Appellant/Cross-Appellee
### V.
### PEGASUS EVENTING, LLC, ELLEN DOUGHTY-HUME, AND ALISTAIR HUME, Appellees/Cross-Appellants

### On Appeal from the 422nd Judicial District Court
### Kaufman County, Texas
### Trial Court Cause No. 100256-422

## DISSENTING OPINION
Before Justices Pedersen, III, Reichek, and Carlyle
Dissenting Opinion by Justice Carlyle

My friends in the majority determine that appellant/cross-appellee Erin Walker forfeited her motion to dismiss under the Texas Citizens Participation Act because she failed to comply with the act's prescribed time limits and no timely hearing occurred. Because I believe the majority takes too narrow a view of TCPA timelines and ignores distinctions between this scenario and prior case law, I respectfully dissent.

The majority views the parties' Rule 11 agreement to conduct discovery as an impermissible agreement to extend the TCPA's statutory timelines. *See Grubbs v. ATW Invs., Inc.*, 544 S.W.3d 421, 425 (Tex. App.—San Antonio 2017, no pet.) (parties' agreement to postpone TCPA hearing beyond section 27.004(a)'s time limit so they could mediate resulted in no hearing

being held within statutorily allowed time and thus movant forfeited TCPA protections such that non-movant need not even object at trial level). I disagree.

Resolving this issue requires interpreting two sections of the TCPA. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.004(c), 27.006(b). The majority reads those sections to require trial court action granting discovery and sees, in the absence of such action, a failure of a necessary prerequisite to extending statutory deadlines. As we are often reminded, our job as appellate court justices is to interpret the law the legislature wrote, not the one we think they meant to write, or even the one they should have written. *See Stegall v. TML Multistate Intergovernmental Emp. Benefits Pool, Inc.*, No. 05-18-00239-CV, 2019 WL 4855226, at *1 (Tex. App.—Dallas Oct. 2, 2019, no pet.) (mem. op.) (quoting *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 538 (2012)).

Section 27.004(c) says: "If the court *allows* discovery under Section 27.006(b), the court may extend the hearing date to *allow* discovery under that subsection, but in no event shall the hearing occur more than 120 days after the service of the motion under Section 27.003." (emphasis added). The statute does not purport to require trial court action other than allowance of discovery on a showing of good cause, and we must take the legislature at its word. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam). We certainly do not have the opposite situation where a trial court *prohibited* discovery, and though it did not manifest its allowance by specific written or verbal order, the trial court did nothing to stand in the way of discovery. In a commonsense understanding of the word, the trial court "allowed" discovery to occur. *See Allow*, DICTIONARY BY MERRIAM-WEBSTER (defining "allow" as "permit" or "to fail to restrain or prevent"), https://www.merriam-webster.com/dictionary/allow.

Section 27.006(b) says: "On a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion." Again, this section does not require trial court action, though it requires a showing of good cause. The word doing the relevant work in this section is, again, "allow." The legislature did not write a requirement that the trial court enter an order, only that it allow discovery.[1] The trial court allowed discovery here. I would find the showing of good cause in the parties' Rule 11 agreement to conduct limited discovery.

This court addressed section 27.006(b) recently, refusing to impose a requirement that trial courts specifically invoke section 27.004(c) when allowing discovery as a prerequisite to applying the extended timeline for allowed-discovery cases. *See Forget About It, Inc. v. BioTE Med., LLC*, 585 S.W.3d 59, 65 (Tex. App.—Dallas 2019, pet. filed). In that case, we declined to read into the statute's text a requirement that courts specifically state they are allowing limited TCPA discovery. *See id.*; *see also Lippincott*, 462 S.W.3d at 508 (stating courts may not "judicially amend a statute by adding words not contained in the language of the statute").

Here, as responsible parties commonly do on discovery matters, both sides agreed to conduct limited discovery relevant to Walker's TCPA motion.[2] The parties did not agree to extend the TCPA's prescribed timeline, which is prohibited. *See Grubbs*, 544 S.W.3d at 425. Rather, the

---

[1] We read the TCPA strictly. *See Torres v. Pursuit of Excellence, Inc.*, No. 05-18-00676-CV, 2019 WL 2863866, at *2 (Tex. App.—Dallas July 2, 2019, pet. denied) (mem. op.) ("Relief under the TCPA requires the filing of a motion to dismiss under the Act. Until Torres filed her motion to dismiss under the Act, the trial court had no motion before it on which it was empowered to rule in accordance with the TCPA. The Act empowers the court to rule on a motion pending before it; it does not empower the court to apply the TCPA sua sponte. The trial court could not have granted this relief without a pending motion." (citations to TCPA omitted)); *see also In re Nusbaum*, No. 05-19-01016-CV, 2019 WL 4594213, at *2 (Tex. App.—Dallas Sept. 23, 2019, orig. proceeding) (mem. op.) (concluding trial court had no authority to reconsider and vacate prior order granting TCPA motion more than thirty days after hearing).

[2] *See In re Bandin*, 556 S.W.3d 891, 896 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) (Busby, J., concurring). Then-Justice Busby concurred in the court's opinion finding, in part, no clear abuse of discretion when the trial court ordered post-TCPA-hearing discovery. He discussed the concept that "there is no reason to think the Legislature would have assumed it was settled legal practice to complete discovery before a dispositive hearing. For example, trial courts have long had discretion to consider additional evidence received after a hearing in deciding whether to grant summary judgment." This reasoning applies here: there is no reason to believe the legislature would have assumed the settled legal practice of party resolution of discovery issues would not continue in the TCPA context. The lack of a "court order" requirement in the TCPA provides at least some support for this idea.

allowed discovery triggered the trial court's discretion regarding section 27.004(c)'s 120-day deadline. Thus, the strict prohibition on extending TCPA deadlines by agreement is inapplicable. *See id.* The parties' approach was entirely consistent with repeated reminders from law professors, judges, and continuing legal education speakers that lawyers should do what they can to avoid going to trial judges with discovery disputes. Justice Kagan's recent proclamation applies: "The statute says what it says—or perhaps better put here, does not say what it does not say." *See Cyan, Inc. v. Beaver Cty. Emp. Ret. Fund*, 138 S. Ct. 1061, 1069 (2018). The court only had to allow discovery, and here it did.

The majority also disregards TCPA construction guidelines. The act states: "This chapter does not abrogate or lessen any other defense, remedy, immunity, or privilege available under any other constitutional, statutory, case, or common law or rule provisions." CIV. PRAC. & REM. § 27.011(a). Rule 11 is one of those rule provisions. Today's majority opinion upends Rule 11 use in TCPA discovery, ignoring section 27.011(a)'s construction directive.

Other TCPA provisions guide us as to the act's construction and purpose: the act "shall be construed liberally to effectuate its purpose and intent fully." *Id.* § 27.011(b). Its purpose "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* § 27.002.

Courts have cited section 27.002 to support a strict reading of the act's timelines in furtherance of its purpose to protect plaintiffs' rights to bring lawsuits with some merit. *See Grubbs*, 544 S.W.3d at 425; *Braun v. Gordon*, No. 05-17-00176-CV, 2017 WL 4250235, at *3 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op.). In previous cases, movants have failed to

meet a statutory prerequisite such as securing a hearing, and that failure was fatal under the TCPA because by its terms, we encourage lawsuits to move forward. *See Braun*, 2017 WL 4250235, at *3. In other cases, courts have concluded parties may not agree to extend TCPA timelines because, in order to protect plaintiffs' rights to bring "meritorious lawsuits for demonstrable injury," those timelines must remain sacrosanct. *See Grubbs*, 544 S.W.3d at 425. Neither of those scenarios is presented here. The TCPA's purpose is not furthered by concluding that the parties' discovery agreement somehow offended the TCPA timeline scheme even though every act thereafter occurred within the statutory timelines.[3] The parties' acts here furthered the twin purposes of the TCPA and should be met with the predictability of an appellate court recognizing that adherence. *See* CIV. PRAC. & REM. § 27.002.

The practical effect of the majority opinion is to reward Pegasus's contrary litigation positions. When Pegasus needed discovery and moved for it, Walker agreed to it. When the trial judge decided the hearing needed to be reset because a party to the litigation had not been served with notice of the hearing, Pegasus agreed to the reset, saying nothing to contradict the judge's and Walker's counsel's understanding that the case was proceeding as a TCPA-case-with-discovery-allowed on the 120-day timeline.[4]

Now Pegasus contends (1) the trial court never "allowed" discovery by issuing a formal discovery order; (2) thus, a hearing had to have been held within 90 days of the motion's service; (3) no hearing was held within that time period; (4) an order disposing of the motion wasn't filed within 30 days of the relevant hearing; and (5) the notice of appeal, filed less than 20 days after

---

[3] The motion here was served September 24, 2018, and the hearing took place January 11, 2019, before the drop-dead 120th day of January 22, 2019. The trial court issued its order on February 8, 2019, within 30 days of the hearing. Walker filed her notice of appeal February 27, 2019, a day before it was due.

[4] I want to be clear here that my objection is not to Pegasus's failure to object; if a movant is forfeiting the act's protections, the non-movant need not alert anyone.

5

the trial court's (according-to-Pegasus) late order but more than 20 days after the motion was denied by operation of law (again, according to Pegasus), was untimely. The result is a non-merits determination of the TCPA appeal. We should be loathe to dispose of our cases on procedural grounds when a creditable interpretation exists to get to the merits, though it continues to happen.[5]

Under the most charitable view, the majority has chosen to elevate one TCPA purpose—the rights of a plaintiff to file a "meritorious lawsuit for demonstrable injury"—over another—"encourag[ing] and safeguard[ing] the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law." Less charitably, the majority expands a branch of TCPA case law in a manner that produces cheap victories for parties willing to engage in "gotcha" litigation, while furthering none of the legislative purposes underpinning that prior case law.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

190252DF.P05

---

[5] *See, e.g.*, *B.C. v. Steak N Shake Operations, Inc.*, 461 S.W.3d 928 (Tex. App.—Dallas 2015), *rev'd*, 512 S.W.3d 276 (Tex. 2017), *op. on remand*, 532 S.W.3d 547 (Tex. App.—Dallas 2017, pet. denied); *see also* Jay Tidmarsh, *Resolving Cases "On the Merits,"* 87 DENV. U. L. REV. 407, 431–36 (2010) (advocating for a "fair outcome" principle, that "Lawsuits should be decided according to procedural rules that are designed, interpreted, and implemented to give the parties the maximal opportunity to participate in shaping an outcome that can be sustained upon critical scrutiny.").