# IN THE SUPREME COURT OF TEXAS

════════════

No. 17-1008

════════════

B.C., Petitioner,

v.

Steak N Shake Operations, Inc., Respondent

════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Fifth District of Texas
════════════════════════════════════

**PER CURIAM**

In this appeal, we consider whether a trial court's recital in a final summary-judgment order that it considered "the pleadings, evidence, and arguments of counsel" included a late-filed response and attached evidence. The court of appeals concluded that the recital did not, and thus upheld the summary judgment without addressing its legal merit. We initially denied review. We grant rehearing, and without hearing oral argument, *see* TEX. R. APP. P. 59.1, we reverse the court of appeals' judgment. We remand the case to that court for consideration of the merits of the appeal.

## I

A former Steak N Shake employee, B.C., sued the restaurant and her former supervisor, alleging that the supervisor had sexually assaulted her during her employment. Steak N Shake

moved for summary judgment, presenting traditional and no-evidence grounds in a combined motion.[1] The trial court granted the motion.

A previous appeal to this Court dealt with statutory preemption, the ground the court of appeals relied on in first affirming the trial court's summary judgment.[2] The court of appeals had held that the Texas Commission on Human Rights Act provided the exclusive remedy for the employee's claims, foreclosing her common law assault claim as a matter of law.[3] We disagreed and reversed, holding that "where the gravamen of a plaintiff's claim is not harassment, but rather assault, as it is here, the [Act] does not preempt the plaintiff's common law assault claim."[4] We remanded the case to the court of appeals to consider Steak N Shake's remaining grounds for summary judgment.[5]

On remand, the court of appeals outlined these remaining issues: (1) "whether, under its traditional motion for summary judgment, [Steak N Shake] established as a matter of law that B.C.'s assault claim fits within a traditional exception to the Texas Workers' Compensation Act," and (2) "whether, under the no-evidence motion, B.C. produced more than a scintilla of evidence on each element of her claim."[6] But the court of appeals ultimately did not decide these issues, concluding that B.C. had "failed to file a timely response to the no-evidence motion, and the record

---

[1] Our rules provide that a party may move for a no-evidence and a traditional summary judgment in a single motion. *Binur v. Jacobo*, 135 S.W.3d 646, 650–51 (Tex. 2004).

[2] 512 S.W.3d 276 (Tex. 2017).

[3] 461 S.W.3d 928, 930 (Tex. App.—Dallas 2015), *rev'd*, 512 S.W.3d 276 (Tex. 2017).

[4] 512 S.W.3d at 277.

[5] *Id.* at 285.

[6] 532 S.W.3d 547, 549 (Tex. App.—Dallas 2017).

does not show the trial court considered the late-filed response."[7] In upholding summary judgment on no-evidence grounds, the court of appeals declined to consider the evidence that Steak N Shake had attached to its combined motion, including B.C.'s deposition testimony, because no timely response pointed out a fact issue raised by that evidence.[8] As the court of appeals upheld summary judgment on no-evidence grounds, it did not consider the remaining legal ground—the worker's compensation bar—urged in Steak N Shake's traditional motion.[9]

On rehearing en banc in the court of appeals, B.C. newly contended that she had attempted to electronically file her response on the day it was due—including 461 pages of supporting evidence—but her filing was rejected "because one of the exhibits was not formatted for optical character recognition." B.C. contends she then re-filed her motion with properly formatted exhibits the following day, which is consistent with the file stamp appearing on her response in the record. B.C. did not move to continue the summary-judgment hearing or seek leave of court to file her response late.

Despite the tardiness of B.C.'s response, Steak N Shake filed a reply brief before the summary-judgment hearing challenging the merits of B.C.'s response. In a footnote, Steak N Shake also objected to the response as untimely. The parties agree that Steak N Shake raised its

---

[7] *Id.*

[8] *Id.* at 551–52.

[9] *Id.* at 552. During en banc proceedings in the court of appeals, B.C. filed "a newly created 'supplemental clerk's record.'" *Id.* at 560. Through it, B.C. argued for the first time that her summary-judgment response should relate back to her attempted electronic filing the day before. In a supplemental opinion, the court of appeals rejected this argument because B.C. had never previously challenged the assertion that her response was untimely. *Id.* The court concluded that it could not consider the "supplemental clerk's record" because the evidence that it contained— including an e-filing receipt filed with the trial court *after* the court of appeals issued its opinion—"was not before the trial court at the time it rendered judgment, and, indeed, was never part of the trial court's record until after our opinions issued." *Id.* at 561.

objection at the summary-judgment hearing. There is no record of the hearing or of a ruling on the objection. But in the order granting summary judgment, the trial court recited: "After considering the pleadings, evidence, and arguments of counsel, the Court finds that the motion should be granted."

## II

In its combined motion for summary judgment, Steak N Shake argued that it is entitled to judgment for several reasons, including the preemption argument we previously rejected.[10] Steak N Shake also argued that no evidence exists to support any element of B.C.'s common law assault claim under direct or vicarious liability theories.[11]

For a traditional summary judgment, Steak N Shake, as the movant, bears the burden to conclusively establish that it is entitled to judgment as a matter of law, notwithstanding the nonmovant's response or lack thereof.[12] In contrast, a movant seeking a no-evidence summary judgment need only identify "one or more essential elements of a claim or defense . . . as to which there is no evidence," and the burden then shifts to the nonmovant to produce "summary judgment evidence raising a genuine issue of material fact."[13] If a nonmovant fails to carry this burden, then the court "must" grant summary judgment.[14]

---

[10] *Id.* at 549.

[11] *Id.* at 550.

[12] TEX. R. CIV. P. 166a(c); *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999) ("The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense.").

[13] TEX. R. CIV. P. 166a(i).

[14] *Id.*

At issue in this case is the timeliness of B.C.'s response. A response to a no-evidence summary-judgment motion, including any evidence opposing the motion, is due seven days before the summary-judgment hearing.[15] Rule 166a(c) provides that a response must be timely filed "[e]xcept on leave of court."[16] B.C. newly argued during en banc proceedings in the court of appeals that her response should relate back to her earlier, rejected electronic filing, a position she maintains at this Court. We agree with the court of appeals, however, that B.C. waived this argument by "waiting to raise the issue until after [the court of appeals] issued two opinions based on the unchallenged assertion that her response was untimely."[17] The question before us, then, is not whether B.C. timely filed her response, but whether the trial court considered her untimely response in granting summary judgment in Steak N Shake's favor.

"[W]here nothing appears of record to indicate that late filing of a summary judgment response was with leave of court, it is presumed [the] trial court did not consider the response."[18] Courts of appeals considering whether a trial court granted leave commonly—and correctly—examine the record for "an affirmative indication that the trial court permitted the late filing."[19]

---

[15] Tex. R. Civ. P. 166a(c).

[16] *Id.*

[17] 532 S.W.3d 547, 560 (Tex. App.—Dallas 2017).

[18] *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996) (citing *INA of Tex. v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985)).

[19] *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 663 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (quoting *Neimes v. Ta*, 985 S.W.2d 132, 138 (Tex. App.—San Antonio 1998, pet. dism'd)). *See also, e.g.*, *E.B.S. Enters., Inc. v. City of El Paso*, 347 S.W.3d 404, 408 (Tex. App.—El Paso 2011, pet. denied) (looking to "affirmative language in the record" to overcome presumption that trial court did not consider late-filed response); *O'Donald ex rel. Estate of O'Donald v. Texarkana Mem'l Hosp.*, No. 06–04–00121–CV, 2005 WL 3191999, at *1 (Tex. App.—Texarkana Sept. 28, 2005, pet. denied) (mem. op.) (examining record for an "order or other affirmative evidence that the trial court granted leave to late file a response"); *Stephens v. Dolcefino*, 126 S.W.3d 120, 133 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) ("[A] trial judge may accept summary judgment evidence filed late, even after summary judgment, so long as he affirmatively indicates in the record that he accepted or considered it."); *K-Six Television, Inc. v. Santiago*, 75 S.W.3d 91, 96 (Tex. App.—San Antonio 2002, no pet.) ("The record must contain an affirmative indication that the trial court permitted the late filing of a response or the response is a nullity." (citing *Neimes*, 985

That indication may arise from "a separate order, a recital in the summary judgment, or an oral ruling contained in the reporter's record of the summary judgment hearing."[20] So while a "silent record" on appeal supports the presumption "that the trial court did not grant leave,"[21] courts should examine whether the record "affirmatively indicates" the late-filed response was "accepted or considered."[22]

The court of appeals in this case did so, correctly asking whether the record contains an "affirmative indication" that the trial court permitted B.C.'s late-filed response.[23] But the court concluded that the recital in the order was insufficient to overcome the presumption. In her petition to this Court, B.C. contends that the trial court's recital *is* sufficient—as it demonstrates that the trial court considered all the evidence, including that attached to her late-filed response. She further reasons that, had the trial court not considered B.C.'s evidence, it would not have considered *any* evidence in opposition to the no-evidence motion. Relying on *Ford Motor Co. v. Ridgway*, she

S.W.3d at 139)); *Farmer v. Ben E. Keith Co.*, 919 S.W.2d 171, 176 (Tex. App.—Fort Worth 1996, no writ) ("[I]f the court allows the late filing, it must affirmatively indicate in the record acceptance of the late filing."); *Luna v. Estate of Rodriguez*, 906 S.W.2d 576, 582 n.6 (Tex. App.—Austin 1995, no writ) (applying presumption "[i]n the absence of an affirmative indication in the record that the trial court accepted the late-filed response").

[20] *Alphaville Ventures, Inc. v. First Bank*, 429 S.W.3d 150, 154 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (quoting *Pipkin*, 383 S.W.3d at 663); *see also Stavron v. SureTec Ins. Co.*, No. 02-19-00125-CV, 2019 WL 6768125, at *6 (Tex. App.—Fort Worth Dec. 12, 2019, no pet.) (mem. op.); *Foussadier v. Triple B Servs., LLP*, No. 01-18-00106-CV, 2019 WL 2127604, at *4 (Tex. App.—Houston [1st Dist.] May 16, 2019, pet. denied) (mem. op.); *Ferguson v. Tex. Dep't of Transp.*, No. 11-15-00110-CV, 2017 WL 3923510, at *8 (Tex. App.—Eastland Aug. 31, 2017, no pet.) (mem. op.); *Rogers v. RREF II CB Acquisitions, LLC*, 533 S.W.3d 419, 426 (Tex. App.—Corpus Christi-Edinburg 2016, no pet.); *Wright v. Hernandez*, 469 S.W.3d 744, 755 (Tex. App.—El Paso 2015, no pet.); *Reeves v. Griswold*, No. 07-03-0203-CV, 2005 WL 1860419, at *2 n.2 (Tex. App.—Amarillo Aug. 5, 2005, pet. denied); *Stephens*, 126 S.W.3d at 133; *Neimes*, 985 S.W.2d at 138 (citing TIMOTHY PATTON, SUMMARY JUDGMENT IN TEXAS § 2.02[2] (Michie 1996)).

[21] *Pipkin*, 383 S.W.3d at 663 (citing *Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372, 374 (Tex. App.—San Antonio 1999, pet. denied)).

[22] *Stephens*, 126 S.W.3d at 133; *see also Poonjani v. Kamaluddin*, No. 02-14-00193-CV, 2015 WL 3523102, at *3 n.6 (Tex. App.—Fort Worth June 4, 2015, no pet.) (mem. op.) (applying "accepted or considered" standard articulated in *Stephens*).

[23] 532 S.W.3d 547, 550 (Tex. App.—Dallas 2017) (citing *K-Six Television*, 75 S.W.3d at 96).

observes that reviewing courts, when presented with combined motions for traditional and no-evidence summary judgment, generally address the no-evidence point first.[24] Though many courts of appeals follow our example in *Ridgway*—as do we[25]—that holding does not compel trial courts to consider no-evidence motions first. We cannot assume the trial court did so here.

We nonetheless conclude that the trial court's recital that it considered the "evidence and arguments of counsel," without any limitation, is an "affirmative indication" that the trial court considered B.C.'s response and the evidence attached to it. The court of appeals concluded this reference "indicates nothing more than the trial court considered [Steak N Shake's evidence] in conjunction with the traditional motion."[26] But a court's recital that it generally considered "evidence"—especially when one party objected to the timeliness of all of the opposing party's evidence—overcomes the presumption that the court did not consider it.[27]

---

[24] *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). Citing *Ridgway*, the court of appeals in this case stated that "[w]hen a party files both a no-evidence and a traditional motion for summary judgment, we first consider the no-evidence motion." 532 S.W.3d at 549 (citing *Ridgway*, 135 S.W.3d at 600).

[25] *See, e.g.*, *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017) ("When a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion."); *Roe v. McQuitty*, No. 11-17-00294-CV, 2019 WL 5800011, at *2 (Tex. App.—Eastland Nov. 7, 2019, no pet.) (mem. op.); *Yarborough v. Vitrola Bar, Inc.*, No. 14-17-00609-CV, 2019 WL 5157144, at *4 (Tex. App.—Houston [14th Dist.] Oct. 15, 2019, no pet.) (mem. op.); *City of Wolfe City v. Am. Safety Cas. Ins. Co.*, 557 S.W.3d 699, 702 (Tex. App.—Texarkana 2018, pet. denied); *Williams v. Parker*, 472 S.W.3d 467, 469–70 (Tex. App.—Waco 2015, no pet.); *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 375 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *Lopez v. Castellano*, No. 13-08-00336-CV, 2010 WL 672865, at *4 (Tex. App.—Corpus Christi-Edinburg Feb. 25, 2010, no pet.) (mem. op.); *Meeks v. Spencer*, No. 2-05-266-CV, 2006 WL 1174229, at *4 (Tex. App.—Fort Worth May 4, 2006, no pet.).

[26] 532 S.W.3d at 550.

[27] *See Stavron v. SureTec Ins. Co.*, No. 02-19-00125-CV, 2019 WL 6768125, at *6 (Tex. App.—Fort Worth Dec. 12, 2019, no pet.) (mem. op.) ("The summary judgment order makes clear that the trial court considered, and thus gave leave to file, the supplemental evidence attached to SureTec's reply. The order recites, 'After *considering* the Motion, the responses filed by Serafim and Ione Stavron, and the *replies* thereto filed by SureTec Insurance Company, the Court finds that SureTec's Motion should be GRANTED in its entirety.'"); *Auten v. DJ Clark, Inc.*, 209 S.W.3d 695, 702 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("In its order denying the motion for new trial [following summary judgment], the trial court stated, 'after considering Plaintiffs' Motion for New Trial, the response, affidavits, the pleadings in this matter, and other evidence on file, this Court is of the opinion that such motion should hereby be Denied.' Therefore, the trial court affirmatively indicated that it considered the affidavit attached to the

This has long been our approach when considering late-filed amended pleadings in advance of a summary-judgment hearing. Our rules provide that a party may not amend its pleadings within seven days of a summary-judgment hearing without leave of court.[28] In this context, we have held that "leave of court is presumed when a summary judgment states that all pleadings were considered, and when, as here, the record does not indicate that an amended pleading was not considered, and the opposing party does not show surprise."[29]

Similarly, while we presume that a trial court did not consider a late-filed response absent an affirmative indication in the record, a recital in a summary-judgment order that the trial court considered "the evidence" without qualification or limitation overcomes that presumption.[30] And

---

motion for new trial although it denied the motion, effectively reaffirming its earlier [summary-judgment] ruling."); *Hendricks v. Thornton*, 973 S.W.2d 348, 371 nn.24 & 25 (Tex. App.—Beaumont 1998, pet. denied) ("In its order granting the summary judgment, the trial judge stated that he had reviewed the motions, the supporting briefs, and summary judgment evidence filed by Grant, the responses to each motion, controverting summary judgment evidence, and other specified materials. . . . [T]he trial court's order granting the summary judgment specifically states the trial judge reviewed the investors' responses. We conclude, therefore, the record indicates the trial court permitted the late response."); *Seim v. Allstate Tex. Lloyds*, No. 02-16-00050-CV, 2017 WL 1738028, at *5 (Tex. App.—Fort Worth May 4, 2017) (mem. op.) ("Here, the order on Appellees' motion for summary judgment reflects that the trial court considered 'all responses [and] all competent summary judgment evidence.' We hold that that this recital in the summary judgment order is an affirmative indication that the trial court permitted the Seims' various untimely summary judgment responses and evidence." (alteration in original)), *rev'd on other grounds*, 551 S.W.3d 161 (Tex. 2018) (per curiam); *Harper v. Mac Haik Ford, Ltd.*, No. 01-09-01144-CV, 2010 WL 2650543, at *3 (Tex. App.—Houston [1st Dist.] July 1, 2010, no pet.) (mem. op.) (holding trial court accepted late response where recital stated: "After considering the Motion, the response, the evidence presented and the arguments of counsel . . . .").

[28] TEX. R. CIV. P. 63.

[29] *Cont'l Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 276 (Tex. 1996) (citing *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988)). The requirement that "the opposing party . . . not show surprise"—an element not present when considering whether the record contains an "affirmative indication" that the court "accepted or considered" a late response—derives from the language of Rule 63, which provides that parties may amend their pleadings "at such time as not to operate as a surprise to the opposite party," but in any event "within seven days of the date of trial" unless leave is obtained. TEX. R. CIV. P. 63.

[30] In *Alphaville Ventures, Inc. v. First Bank*, the court of appeals considered whether a summary-judgment recital contained an affirmative indication of leave to file supplemental evidence where the trial court granted summary judgment "[a]fter considering the pleadings, the motion, affidavits, and other evidence on file" and concluded that "the phrase 'other evidence on file' is too general to necessarily encompass the supplemental evidence." 429 S.W.3d 150, 155 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (alteration in original). For the reasons explained in this opinion, we disapprove of *Alphaville* on this point.

8

although Steak N Shake objected to the timeliness of B.C.'s response, it neither sought nor obtained a ruling on that objection before or after the trial court's order; therefore, we have no basis to conclude the trial court did not consider all summary-judgment evidence on file at the time the motion was heard.

Because the trial court recited that it had considered "the pleadings, evidence, and arguments of counsel," the court of appeals should have considered that evidence as well in its review of the trial court's summary judgment.[31] Accordingly, we reverse the court of appeals' judgment without hearing oral argument, *see* TEX. R. APP. P. 59.1, and remand the case to that court to consider the merits of the summary-judgment issues it outlined in its opinion.[32]

OPINION DELIVERED:  March 27, 2020

---

[31] After rejecting Steak N Shake's argument that "B.C.'s appellate arguments are necessarily waived as a result of filing her summary judgment response one day late," the dissenting justice went on to consider the evidence supporting B.C.'s challenge to the trial court's summary judgment, concluding that "the trial court did not err in granting no-evidence summary judgment on B.C.'s pleaded vicarious liability theory" but that "there are genuine issues of material fact regarding B.C.'s assault claim and whether [the alleged assailant supervisor] was a vice-principal of [Steak N Shake]." 532 S.W.3d 547, 555, 559–60 (Tex. App.—Dallas 2017) (Evans, J., dissenting). Although we hold that the court of appeals erred by not considering B.C.'s summary-judgment evidence, we express no opinion on whether that evidence gives rise to any genuine issues of material fact that withstand summary judgment.

[32] 532 S.W.3d at 549.