**Affirm and Opinion Filed January 17, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00026-CV

### RICHARD GEHRKE AND PACIFIC COMPANIES, INC., Appellant
### V.
### MERRITT HAWKINS & ASSOCIATES, LLC, Appellee

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-09562**

## MEMORANDUM OPINION

Before Justices Burns, Richter[1], and Rosenberg[2]
Opinion by Justice Rosenberg

Appellants Gehrke and his new employer, Pacific Companies, Inc., appeal denial of their

TCPA[3] motion. The Motion challenged the lawsuit filed by Gehrke's former employer, Merritt

Hawkins & Associates, which sought to enforce Gehrke's non-compete agreement and alleged

tortious interference and conspiracy claims against both appellants. Because we conclude

appellants' arguments on appeal are squarely foreclosed by this court's interpretation of the TCPA

in prior decisions, we affirm.

---

[1] The Hon. Martin Richter, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, Retired, sitting by assignment.
[2] The Hon. Barbara Rosenberg, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, sitting by assignment.
[3] TEX. CIV. PRAC. & REM. CODE § 27.001 et seq.

1

## FACTUAL BACKGROUND

Merritt Hawkins recruits physician placements for healthcare providers, serving its customers throughout the United States. For several years, Gehrke was a Vice President and salesman at Merritt Hawkins, marketing Merritt Hawkins's services to healthcare organizations, including hospitals and educational institutions, and supervising a team of other salesmen. During his employment and pursuant to a non-compete and confidentiality agreement (Confidentiality Agreement), Gehrke received access to Merritt Hawkins's business plans, customer lists and customer information, marketing and pricing strategies, information regarding key staff, sales plans and development efforts and strategies, (Confidential Information) all of which Merritt Hawkins maintained as confidential and asserted were proprietary trade secrets. In the Confidentiality Agreement, Gehrke agreed use of the Confidential Information to compete with Merritt Hawkins would constitute misappropriation, and in addition to other covenants, agreed not to compete or solicit Merritt Hawkins's customers for a period of 18 months after separating from Merritt Hawkins.

Merritt Hawkins discovered Gehrke disseminated Confidential Information in violation of the Confidentiality Agreement and terminated him. Shortly after, Gehrke began working for Pacific, one of Merritt Hawkins's direct competitors. Although Pacific, like Merritt Hawkins, operated nationally, it assigned Gehrke to sell the same services in the same territories he serviced while employed by Merritt Hawkins. After commencing work for Pacific, Gehrke also contacted numerous Merritt Hawkins customers whom he had worked with while at Merritt Hawkins and customers located in the states in which he was prohibited from competing with Merritt Hawkins, and successfully obtained business for Pacific from Merritt Hawkins's clients he was prohibited from soliciting. He also used and disclosed Merritt Hawkins's Confidential Information in performing his duties for Pacific.

2

Merritt Hawkins sued Pacific and Gehrke, and in its third amended verified petition, asserted claims against both for misappropriation of trade secrets, tortious interference with prospective business and regarding Merritt Hawkins's existing contractual relationships with its customers, and conspiracy, and sought temporary and permanent injunctive relief against both. Additionally, Merritt Hawkins alleged breach of contract against Gehrke and tortious interference with Gehrke's contract by Pacific. Merritt Hawkins alleged Pacific had full knowledge of the provisions of the Confidentiality Agreement when it hired Gehrke; hired him specifically to interfere with the contractual relationships between Merritt Hawkins and Gehrke and between Merritt Hawkins and its customers; and hired Gehrke to gain access and use of Merritt Hawkins's Confidential Information and enable him to compete in the territories in which he was prohibited from such competition.

Following entry of a temporary restraining order, the court conducted a three-day hearing during which extensive evidence was admitted, including deposition testimony; Gehrke's calendar reflecting appointments with Merritt Hawkins's customers while working for Pacific; a list of calls made by Gehrke to Merritt Hawkins's customers while working for Pacific; and emails from Gehrke to Merritt Hawkins's customers sent while he worked for Pacific. A few days after the hearing concluded but before the court entered the temporary injunction, on September 21, 2018, appellants filed a motion to dismiss pursuant to the TCPA (the Motion).[4]

The temporary injunction, entered on September 25, 2019, contained extensive factual findings, including that:

* The Confidentiality Agreement protected specific, legitimate and valuable business interests;

---

[4] The scope of one provision of the temporary injunction is at issue in a separate appeal, *Gehrke v. Merritt Hawkins & Assoc., LLC,* No. 05-18-01160-CV.

3

*Pursuant to his employment with Merritt Hawkins, Gehrke had received access to and use of Confidential Information;

*Gehrke had misappropriated and used the Confidential Information in soliciting work for Pacific, a Merritt Hawkins's competitor, and intended to continue doing so;

* Merritt Hawkins would sustain great and irreparable loss and damage if Gehrke continued to violate the covenants included in the Confidentiality Agreement.

With its response to the Motion and to demonstrate Gehrke's use of the Confidential Information in competition with Merritt Hawkins and in coordination with and for the benefit of Pacific, Merritt Hawkins submitted affidavits, deposition testimony, the temporary injunction, transcripts from the temporary injunction hearing, and, Gehrke's employment agreement with Pacific, in which Pacific agreed to pay attorney's fees incurred by Gehrke related to any dispute arising from the Confidentiality Agreement. The court conducted a hearing and the Motion was overruled by operation of law.

## DISCUSSION

In two issues, appellants contend the trial court erred by allowing the Motion to be overruled by operation of law because 1) the claims against each relate to their rights of free speech and association; and, 2) Merritt Hawkins failed to establish every essential element of each of its claims against each appellant by clear and specific evidence. In response to appellants' first issue, Merritt Hawkins contends appellants failed to demonstrate the claims related to speech and conduct protected by the statute; even if appellants had met that burden, the "commercial speech" exemption applies; and, particularly in light of the detailed factual findings supporting the temporary injunction, Merritt Hawkins established each element of its claims by clear and specific evidence.

We review de novo the trial court's ruling on a TCPA motion to dismiss. *Pinghua Lei v. Nat. Polymer Int'l Corp.*, 578 S.W.3d 706, 712 (Tex. App.—Dallas 2019, no pet.). Our review

4

entails considering, in the light most favorable to the non-movant, the pleadings and any supporting and opposing affidavits stating the facts on which the claim or defense is based. TEX. CIV. PRAC. & REM. CODE § 27.006(a); *Pinghua Lei,* 578 S.W.3d at 712. Additionally, a trial court may, but is not required to, receive the submission of documentary evidence, including deposition transcripts. *See Thang Bui v. Dangelas*, No. 01-18-01146-CV, 2019 WL 5151410, at *3 (Tex. App.—Houston [1st Dist.] Oct. 15, 2019, no pet. h.) (recognizing courts may consider documentary evidence as well as live testimony); *see also, e.g., In re SSCP Mgmt., Inc.*, 573 S.W.3d 464, 470 (Tex. App.—Fort Worth 2019, orig. proceeding) (discussing TCPA respondent's entitlement to limited discovery).

During arguments, although also asserting the cases were incorrectly decided, appellants' counsel candidly and appropriately conceded[5] that prior decisions from this Court are adverse to appellants' arguments and control the outcome of this appeal regarding the claims asserted against Gehrke.[6] We agree.

The first step in any TCPA analysis requires the movant to establish by a preponderance of evidence that the challenged legal action is "based on, relates to, or is in response to the party's exercise of the right of free speech, the right to petition, or the right of association." TEX. CIV. PRAC. & REM. CODE § 27.005(b); *Goldberg v. EMR (USA Holdings) Inc.*, 05-18-00261-CV, 2019 WL 3955771, at *2 (Tex. App.—Dallas Aug. 22, 2019, no pet. h.). In *Dyer v. Medoc Health Servs., LLC,* 573 S.W.3d 418 (Tex. App.—Dallas 2019, no pet.) we concluded private communications between joint tortfeasors allegedly intended to further misappropriation of

---

[5] "(a) A lawyer shall not knowingly: . . . (4) fail to disclose to the tribunal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel". TEX. DISCIPLINARY RULES PROF'L. CONDUCT 3.03(a)(4).

[6] The recent amendments to the TCPA do not apply to cases filed before September 1, 2019, and thus have no application here.

proprietary and confidential business information failed to satisfy the statutory definition of the "right of association," because no "common interest" was implicated. *Id.* at 426–27; *see also, Pinghua Lei*, 578 S.W.3d at 712 (claims premised on misappropriation of and use of confidential business information in furtherance of competition not based on, related to, or in response to right of association or exercise of right of free speech); *Kawcak v. Antero Res. Corp.*, 582 S.W.3d 566, 576 (Tex. App.—Fort Worth 2019, pet. denied) (plain meaning of 'common' "embraces interests broader than the narrow interest shared by two people who engage in a conspiracy where one conspirator allegedly breaches his fiduciary duty to profit himself and his co-conspirator."). Likewise, we held that communications between joint tortfeasors discussing the allegedly wrongful conduct does not relate to a matter of public concern so as to trigger the statute's protection of the "right of free speech" merely because the proprietary information misappropriated belonged to a company in the healthcare industry and the tortious interference was aimed at the same industry. *Dyer,* 573 S.W.3d at 428; *see also Creative Oil & Gas, LLC et al., v. Lona Hills Ranch, LLC,* No. 18-0656, 2019 WL 6971659, at *6 (Tex. Dec. 20, 2019) (private business communications related to business dispute did not implicate the broader marketplace involve public concerns so as to support a TCPA claim). No meaningful distinction exists between the facts in *Dyer* and those presented here, and we thus adhere to *Dyer*.

Further, neither the holding nor the rationale underlying *Dyer* are limited to the person or entity constrained by a non-compete or non-solicitation agreement or even the party who allegedly misappropriated the information used by more than one tortfeasor in efforts to tortiously interfere

with contracts or relationships.[7]  Thus we reject appellants' argument that Merritt Hawkins's claims against Pacific escape *Dyer's* holding.

Finally, even if we were able to distinguish *Dyer* factually*,* in prevailing on its requests for a temporary restraining order and a preliminary injunction, in support of which it established a likelihood of success on the merits of its claims, Merritt Hawkins established every essential element of each of its claims by *at least* clear and specific evidence.  *See Pinghua Lei,* 578 S.W.3d at 712 (affirming sanctions for frivolous TCPA motion filed after non-movant had presented evidence at an injunction hearing establishing likelihood of success on the merits and thus also establishing prima facie case on causes of action).  We overrule appellants' first issue.

Our disposition of the first issue renders a decision on appellants' second issue unnecessary.  We affirm.

/BARBARA ROSENBERG/
BARBARA ROSENBERG
JUSTICE, ASSIGNED

190026f.p05

---

[7] We also observe the claims asserted in *Dyer,* misappropriation of trade secrets, tortious interference with existing contract and prospective business relations, conspiracy and conversion, are the same claims asserted here, with the exception of the breach claim asserted solely against Gehrke.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICHARD GEHRKE AND PACIFIC
COMPANIES, INC., Appellant

No. 05-19-00026-CV       V.

MERRITT HAWKINS & ASSOCIATES,
LLC, Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-18-09562.
Opinion delivered by Justice Rosenberg.
Justices Burns and Richter participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MERRITT HAWKINS & ASSOCIATES, LLC recover its costs of this appeal from appellant RICHARD GEHRKE AND PACIFIC COMPANIES, INC.

Judgment entered this 17th day of January 2020.